## INDUSTRIAL COMMISSION v MEYER

Ohio Appeals, 1st Dist, Hamilton Co

No 4744. Decided Jan 7, 1935

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Columbus, and Raymond J. Kunkel, Cincinnati, for plaintiff in error.

John M. Renner, Cincinnati, and Shook, Davies, Hoover & Beall, Cincinnati, for defendant in error.

**OPINION**

By HAMILTON, PJ.

The sole question presented here in the error proceedings is whether or not the Court of Common Pleas had jurisdiction to entertain the case on appeal. This question involves a construction of §1465-90, GC (109 O.L. 296), in force at the time of the injury.

It appears that Meyer was an employee of The Kant-Skore Piston Company and sustained an injury on March 23, 1923, while in the course of his employment, by being overcome by fumes from aluminum metal.

Meyer presented his claim to the Industrial Commission. The claim was heard from time to time and compensation was paid plaintiff for temporary disability in the sum of $1847.15, and for impairment of his earning capacity to April 14, 1931, in the sum of $3750.00, the maximum amount allowed by law for impairment of earnings and partial disability. Medical expenses in the sum of $368.32 were paid. The total amount paid plaintiff was something in excess of $5800.00.

On or about December 20, 1932, the claim came on for consideration on the question of further compensation, at which time the Commission found:

"that the claimant has been awarded compensation for the period of total disability in this case and also the maximum amount of compensation for temporary partial disability. Commission further finds from the medical proof of record that the claimant is not a permanent-total disability; therefore, further compensation is denied."

The only question in the case then is:— Is the above quoted finding of the Commission a denial of the right of claimant to participate in the fund on the ground that the denial is upon a "jurisdictional ground going to the basis of claimant's right?" The pertinent part of the statute applicable to this case is found in 109 Ohio Laws, 295, and is as follows:

"The Commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such Commission denies the right of the claimant * * * to continue to participate in such fund on the ground that the injury was self-inflicted, * * * or upon any other jurisdictional ground going to the basis of claimant's right, * * *"

In 1925, this section was amended to read as follows:

"The Commission shall have full power and authority to hear and determine all questions within its jurisdiction and its decision thereon including the extent of disability and the amount of compensation to be paid in each claim shall be final."

The law as amended in 1925, as above quoted, is clear in its expression on the question of the jurisdiction of the Commission, and it is conceded would bar the claimant from appealing his claim.

Counsel for the Commission in their brief contend that the original act where it uses the words "determine all questions" meant "all questions," and no interpretation was necessary. We are in accord with this conclusion. When the legislature added the words "including the extent of disability and the amount of compensation to be paid in each claim," this simply was explanatory of the general provision "all questions." The extent of the disability and the amount of compensation to be paid would clearly be within the provision "all questions" within the jurisdiction of the Commission. There could be no more comprehensive expression as to the finality of the decision of the Commission than the expression 'all questions."

Counsel for Meyer in their brief cite the case of **Industrial Commission v Phillips, 114 Oh St, 607**, and quotes from the opinion to the effect that the court will give liberal interpretation to the statute in determining the rights of an injured workman. In the Phillips case, as in the case at bar, the Commission had granted temporary relief for partial disability. The disability concerned an injury in which both of Phillips' eyes were affected. He filed a claim for permanent total disability, after having received temporary relief. The claim was disallowed by the Commission, the ground for disallowance was that "loss of vision is the result of interstitial keratitis following the syphilitic inflammation, and was not the result of an injury in the course of employment." The court further stated in the course of the Phillips' opinion:

"This was not a denial as to amount of his compensation, or a denial because he had been compensated as fully as his injury entitled him to be, but was a denial of the right to continue to participate because the injury was not due to an industrial accident in the course of his employment, for which further compensation could be allowed, for which reason Phillips was no longer entitled to continue to participate in the fund.

"This surely was a deinal upon a jurisdictional ground that went to the basis of the claimant's right, and an appeal therefrom to the Common Pleas Court was within the letter and spirit of §1465-90, GC."

The indication in this expression, above quoted, is, that had the denial been on the ground of amount of compensation or denial because claimant had been fully compensated, as fully as he would be entitled to, the finding of the Commission would have been final, and no appeal would lie, but due to the fact that the denial was on the ground that the injury was not due to an industrial accident, in the course of the employment, it was held, as above stated, that this ground went to the basis of the claimant's right and the appeal would lie.

In the case under consideration, there is no denial of compensation because the injury was not due to an industrial accident in the course of employment, nor does it come within the exceptions in the act.

Taking the finality of the act of the Commission, further participation was refused in the case under consideration, for the reason that plaintiff had been awarded compensation for the period of disability, and was awarded the maximum amount for temporary partial disability, and further that the medical proof showed that the plaintiff was not a permanent-total disability. These are facts found by the Commission as to the extent of the award and not a jurisdictional question constituting a denial upon a jurisdictional ground that went to the basis of the claimant's right.

Our conclusion is, that the claim comes within the provisions of the Act in 109 Ohio Laws, 296, which gives the Commission full power to hear and determine all questions within its jurisdiction, and its decision thereon shall be final; that the claim does not come within the exceptions in the Act; that the Commission under the law as then existing had power to determine the extent of the injury and the amount of compensation to be awarded, and that was all that the Commission did in the case; that the amendment of 1925 was only explanatory of the general, provision in effect under 109 Ohio Laws, 296, and in no wise enlarged or limited the powers given the Commission under the Act in general terms.

Since there is no dispute as to the facts, our conclusion requires a reversal of the

judgment and the entering of final judgment in this court.

Judgment accordingly.

ROSS, J, concurs.