## SCHRADER v CINCINNATI & SUBURBAN BELL TELEPHONE CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided March 30, 1936

Shook, Davies, Hoover & Beall, Cincinnati, for plaintiff in error.

Frost & Jacobs, Cincinnati, for defendant in error.

### OPINION

By MATTHEWS, J.

The Common Pleas Court of Hamilton County reached the conclusion that it had no jurisdiction to hear and determine the merits of the controversy brought before it, and, therefore, dismissed the case. By this proceeding in error, the plaintiff in error challenged the correctness of that ruling.

The parties occupy the same relative positions in this court as that occupied by them in the trial court. They will be referred to as plaintiff and defendant respectively.

The defendant was an employer of three or more employes. It was subject to the Workmen's Compensation Act, and under favor of §1465-69, GC, elected to compensate its employes directly. It complied with the law and was authorized to be a self-insurer.

It is undisputed that the plaintiff was one of its employes and that on or about February 13, 1928, she received a physical injury in the course of her employment from a cause arising out of her employment. The defendant admitted and recognized this, and proceeded to and did pay

to her compensation for about seven months in accordance with the provisions of the Workmen's Compensation Law. For reasons assigned by the defendant, it discontinued making payments and on November 14, 1928, the plaintiff filed with the Industrial Commission an application for adjustment of claim in accordance with §1465-74, GC.

In her application for adjustment of claim the plaintiff alleged that the defendant after making payments up to September 15, 1928, notified her that it had suspended payments effective September 16, 1928, notwithstanding she was still disabled and unable to resume her work in her former employment, and was unable to do anything whatsoever, and was permanently and totally disabled.

After the filing of this application the commission made an order allowing further compensation and in conformity thereto the defendant made payments to the plaintiff for some months, the last payment being made on June 13, 1929. These payments made before and after the application was filed totaled $1,002.42, and in addition the defendant paid $486 for medical service and examinations.

The defendant claimed that the plaintiff had recovered and was able to resume her employment when it discontinued payments. After her application was filed there was a hearing before the commission on January 9, 1929, at the conclusion of which it was ordered that the plaintiff submit to an examination by a physician selected by the commission. This physician reported, recommending a small operation, the result of which would remove the cause of any possible symptoms of which she was complaining. Compensation was ordered resumed for four weeks pending this operation, and then discontinued, and it was in compliance with this order that the defendant resumed the payments, which were discontinued on June 15, 1929. The plaintiff refused to submit to the operation. Further examinations were made by the medical examiner of the commission, who reported that there was no evidence of the original injury and that the plaintiff was able to do part-time work at least.

The defendant thereupon filed an application for reconsideration upon which there was a hearing on September 9, 1929, when the commission made a finding that "Claimant is not now suffering any disability on account of the injury sustained on February 13, 1928."

On January 17, 1930, the plaintiff filed an application for modification of award. After collecting evidence from various sources to enable it to pass on this application, the commission reached the conclusion therefrom that the plaintiff was able to work and ordered her to return to her employment, which she finally did, and thereafter worked intermittently for a short time.

After an application for reconsideration had been filed by the plaintiff and another one filed by the defendant, the commission on March 18, 1932, made the following order: "This claim coming on for further hearing, on report of recent special medical examination the commission, after inquiring into the matter of disability, finds the claim has been recognized by the employer and compensation has been paid for the period of disability."

On March 31, 1932, the plaintiff filed with the commission an application which she styled an "Application for Rehearing" and on June 15, 1932, the commission overruled a motion to dismiss this application which had been filed by the defendant, and granted a rehearing. Evidence was introduced in the usual way for rehearing, and on October 3, 1933, the commission made the following order:

"On this day this claim coming on to be heard on the transcript of testimony and evidence on rehearing and report of the referee, on consideration, thereof, the commission finds:

"This cause coming on for consideration upon the transcript of testimony and evidence upon rehearing, upon consideration of same by all the members of the commission, it is the finding from the proof that the commission has taken jurisdiction of this claim, has inquired into and determined from the proof of record the period of disability which claimant has experienced, and has awarded compensation for the disability found and from all indications compensation awarded has been paid by the employer. The commission further finds from proof that there is no new or changed condition so far as the proof indicates that claimant is disabled in excess of the periods for which she has been awarded compensation and there is no substantial proof to support the claims of claimant that she has experienced disability in excess of that for which she has received awards of compensation, hence no further compensation is awarded on rehearing.

"It has no jurisdiction of the claim and no authority, thereby, to inquire into the extent of disability or amount of compensation claimed.

"It is, therefore, ordered that the claim be denied."

The commission notified the plaintiff of its action by letter in which it quoted all of its order excepting the last two paragraphs.

It was from that order that the plaintiff sought to appeal to the Common Pleas Court.

On October 10, 1934, which was about one year after the plaintiff filed her petition on appeal in the Common Pleas Court, the commission made the following order:

"On this day this claim came before the commission upon the application for rehearing filed by the claimant herein. That the commission's order of October 3, 1933, be corrected to express the true action of the commission on that date, as it appears that the commission's order of that date when it was written was placed upon the wrong mimeograph form and certain statements purporting to be part of the order was not the commission's order, and that the commission's order be corrected as follows, namely:

"That the following words 'It has no jurisdiction of the claim and no authority, thereby, to inquire into the extent of disability or amount of compensation claimed. It is, therefore, ordered that the claim be denied,' be stricken from said order The commission's order of said date was and is as follows:

"O. this day this claim coming on to be heard on the transcript of testimony and evidence on rehearing and report of the referee, on consideration, thereof, the commission finds:

"This cause coming on for consideration upon the transcript of testimony and evidence upon rehearing, upon consideration of same by all the members of the commission, it is the finding from the proof that the commission has taken jurisdiction of this claim, has inquired into and determined from the proof of record the period of disability which claimant has experienced, and has awarded compensation for the disability found and from all indications compensation awarded has been paid by the employer. The commission further finds from proof that there is no new or changed condition so was as the proof

indicates that claimant is disabled in excess of the periods for which she has been awarded compensation and there is no substantial proof to suport the claims of claimant that she has experienced disability in excess of that for which she has received awards of compensation, hence no further compensation is awarded on rehearing."

A certified copy of this last order was filed in the case on the morning of the trial.

By answer and motion the defendant presented to the court the question of its right to review the finding of the commission.

The entire record was introduced at the trial to enable the court to pass upon the objection to the jurisdiction of the court.

Now was the order reviewable by the Common Pleas Court?

By §1465-86, GC, it is enacted that:

"The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified."

And this jurisdiction continues for ten years after the last payment. Id. So that there can be no doubt that the commission had jurisdiction conferred upon it by this statute to supervise the award on account of disability and to modify it to conform to changed conditions. If it assumed to exercise this lawful jurisdiction, then its decision of all questions "within its jurisdiction,—including the extent of disability, and amount of compensation to be paid in each claim, shall be final." §1465-90, GC.

It is only to review findings by the commission "That it has no jurisdiction of the claim and no authority thereby to inquire into the extent of the disability or amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason" that jurisdiction is conferred upon the Common Pleas Court by §1465-90, GC.

Now what was the character of the finding made by the commission? Was it limited to a finding that it had no jurisdiction or did the commission proceed to "determine the extent of the disability and amount of compensation" in accordance with the power conferred upon it by §1465-90, GC?

It throws some light upon this subject to consider what the jurisdictional fact is.

The whole legislative superstructure relating to workmen's compensation is based upon §35 of Article II of the Ohio Constitution, authorizing the passage of laws for the establishment of a state fund from which compensation could be awarded to workmen and their dependents for death, injuries, or occupational diseases "occasioned in the course of such workmen's employment." This provision was construed in Fassig v State ex Turner, etc., 95 Oh St 232, and the limitation upon the legislative authority imposed by it stated in the syllabus as follows:

"5. The provisions of §35, Article II of the Constitution, and in the statute with reference to an injury received in the course of employment refer only to an injury which is the result of or arises out of the employment. Such provisions do not cover any injury which has its cause outside of and disconnected with the employment, although the employe may at the time have been engaged in the work of his employer in the usual way."

The jurisdictional fact upon which the authority of the commission rests therefore is death, injury, or occupational disease "occasioned" in the course of the employment as stated in the Constitution, or, death, injury or occupational disease "received in the course of the employment—which is the result of or arises out of the employment," as stated by the court in Fassig v State ex Turner, supra.

Under the due process clauses of the state and Federal Constitutions it is beyond the power of the legislature to confer absolute power upon an administrative board without any judicial review. The attempt to do so would lack the essential quality of a law in that no rule or standard binding upon it would be imposed And when a rule or standard is enacted it is a part of the judicial function to determine whether the rule or standard has been followed in the transaction brought before the court by appropriate proceedings. Wheeling Corrugating Co. v McManigal, 41 Fed. (2d) 593; Skeffington v Katzeff, 277 Fed. 129, and cases cited.

Whether it was within the competency of the legislature to empower the commission to determine, in good faith, upon substantial evidence, the jurisdictional fact, it is unnecessary to determine as by §1465-90, GC, it in express terms provided for judicial review to that extent and by express terms enacted that the commission's findings should be conclusive within its jurisdiction.

This appeal, therefore, does not permit the court to determine whether the plaintiff is entitled to any amount of compensation. A finding in her favor would, under the law, be limited to a declaration that she was entitled to participate in the Workmen's Compensation Fund, but there would be no finding as to the extent of such compensation, and her claim would be certified back to the commission for the determination of that issue.

The only issue for determination on this appeal is whether she has been denied compensation on a jurisdictional ground. The denial on a jurisdictional ground could only be upon a finding that she had suffered no injury in the course of and arising out of her employment. Now does this record show any such finding? We think not.

The jurisdictional fact was admitted on all hands. The employer admitted it. It paid her compensation for several months and discontinued payments not because it denied the injury, but because it claimed it had fully compensated her for the disability resulting therefrom. Upon her application to the Industrial Commission for adjustment there was no denial that she received an injury on February 13, 1928, in the course of and arising out of her employment by the defendant, as claimed by her. And the commission made an additional award for disability resulting from such injury, and directed payment of physicians for their services in treating her for such injury. There was no denial of jurisdiction. On the contrary, the commission assumed jurisdiction and continued to exercise it in various ways and has never renounced such jurisdiction. The order appealed from shows that the commission was exercising its jurisdiction to determine the "extent of the disability and the amount of the compensation." It clearly finds that the amount paid compensates the plaintiff for the disability proven. While there is a recital at the end of the finding that the commission has no jurisdiction of the claim and no authority to inquire into the extent of the disability, this statement is manifestly inconsistent with the very specific finding in the same

590

entry upon the evidence that the plaintiff had been fully compensated for the disability proven. The commission undoubtedly had jurisdiction to correct entries upon its records made through mistake and inadvertence; and this it proceeded to do by the subsequent entry. If it could be said to have renounced jurisdiction by the entry of October 3, 1933, it resumed that jurisdiction on October 10, 1934. By assuming jurisdiction of the appeal the Common Pleas Court could do no more than require the commission to resume jurisdiction and determine the extent of disability and the amount of compensation. The continuing jurisdiction of the commission may be invoked by the plaintiff at any time without any order by the court.

The issue raised by this appeal seems to us to be substantially decided by the case of **Noggle v Industrial Commission, 129 Oh St 495, 2 O. O. 509.** We deem it sufficient to quote the syllabus:

"1. When the Industrial Commission assumes jurisdiction of a disability claim, finds that claimant's disability is but partial, and not total and permanent, and, upon such finding, denies compensation for total and permanent disability, such denial is not made upon a "ground going to the basis of the claimant's right" and is not subject to appeal, under the provisions of §1465-90, GC (107 Ohio Laws 162). (The first paragraph of the syllabus in **Industrial Commission v Link, 122 Oh St 181,** is overruled).

"2. When the commission concedes or finds all the facts in claimant's favor necessary to give it jurisdiction, and actually assumes jurisdiction of the claim, §1465-90, GC, endows the commission with "full power and authority to hear and determine all questions within its jurisdiction and its decision thereon shall be final." A finding or determination of the extent of disability is the determination of a question within the commission's jurisdiction, and from such determination there is no appeal.

"3. Sec 1465-86, GC, providing that the powers and jurisdiction of the commission shall be continuing and that it may, from time to time, modify or change its former findings or orders, and §1465-90, GC, providing for appeal, are pari materia and, to make each effective, should be construed together. Permitting appeals from sundry findings involving the extent of disability would nullify the provisions of §1465-86, GC, which not only invests the commis-

sion with continuing jurisdiction, but also confers power on the commission to modify or change, from time to time, its former findings "as, in its opinion may be justified."

Other cases throwing light upon the proper construction of the applicable provisions of the Workmen's Compensation Act are **State ex v Commission, 128 Oh St 558; Metal Specialty Co. v Gregory et, 128 Oh St 452; State ex Cezkovsky, 126 Oh St 434; State ex Depalo v Commission, 128 Oh St 410; State ex v Commission, 124 Oh St 589; and Commission v Meyer, 50 Oh Ap 489, 4 O. O. 247 (18 Abs 583).**

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.