## MUMMERT v CINCINNATI & SUBURBAN BELL TELEPHONE CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5259. Decided May 24, 1937

Shook, Davies, Hoover & Beall, Cincinnati, for appellee.

Frost & Jacobs, Cincinnati, and John P. Goldsberry, Cincinnati, for appellant.

### OPINION

By HAMILTON, J.

Appeal on questions of law.

This case grows out of the administration of the Workmen's Compensation Law. The Cincinnati Bell Telephone Company was a self-insurer. Mummert, the appellee, was in the employ of that company at the

time he received an injury, resulting from a blow on the head. He made claim to the Telephone Company for compensation. The company recognized the injury was received in the course of employment and made compensation for several weeks, reporting the facts to the Industrial Commission. This was in 1926. A few weeks later Mummert returned to work for the company and continued to work for it for three and a half years. At this time he became incapacitated in several respects and spent some time in the hospital, and was under medical care and attention. He was paid some money during this period from the insurance fund maintained by the company. Later, he was granted a leave of absence and a little later discharged by the company, as the company claims, for economic reasons.

No compensation was paid by the company after the summer of 1926 under the Workmen's Compensation Law.

On September 18, 1934, Mummert filed with the Industrial Commission an application for adjustment of his claim under his injury of March, 1926, in which he set forth his disability from January, 1930 and alleged that it was due to the injury sustained in 1926. Eventually the claim was denied by the Commission, and an appeal was taken to the Court of Common Pleas. Upon trial before the court and jury, the jury returned a verdict finding the plaintiff Mummert was entitled to further participate in the State Insurance Fund.

The defendant, the Telephone Company, challenged the jurisdiction of the Court of Common Pleas, and moved to dismiss the action as not appealable. From the judgment rendered on the verdict, the Telephone Company appeals to this court.

There are several specifications of error, but the main question in the case is that of jurisdiction of the Common Pleas Court, and the right of Mummert to appeal to that court from the finding of the commission.

If the denial by the Commission was on jurisdictional grounds, the court was correct in overruling the motion to dismiss the appeal. If the action of the Commission was on the extent of the disability, then the motion should have been granted. We will first consider this question.

The decisions of the Supreme Court involving the question of jurisdiction of the Commission have not been clear on the point, due to the difference in the facts in each case and the action of, and the interpretation to be given to the acts of the commission. The determination of the question of jurisdiction may be summed up as follows:—If the refusal of further compensation is based upon a determination by the Commission of the question of the extent of disability, its decision is not appealable. If the refusal is based upon the question of the cause of the disability, a jurisdiction question is involved, and the decision is appealable.

This brings under review the action of the commission and the basis of its refusal upon the application filed on September 18, 1934. The Commission considered the case. Acting upon the report filed by the claims' referee, the Commission made the following finding and order:

"This day, to-wit, November 21st, 1934, this claim coming on for hearing for consideration of the Commission of application for adjustment filed by the claimant herein, and the other proof on file—it appears that the employer has recognized the injury in question and has paid compensation and filed reports with the Commission on the compensation paid in accordance with the rules of the Commission and that the Commission has assumed jurisdiction of the claim.

"It is the finding of the Commission that claimant has not established the fact that he has suffered any disability in excess of that for which he has been compensated by the employer by reason of the injury in question.

"It is, therefore, ordered that the claimant's application for adjustment, filed on or about Sept. 18, 1934, be dismissed."

Following this order, on December 21, 1934, claimant's counsel filed an appeal for a rehearing and also made an application for a reconsideration. The application for reconsideration was based on the ground that the order was ambiguous, and did not disclose whether the claim was being rejected on jurisdictional grounds or went to the amount of compensation awarded, and, therefore, applied for a reconsideration to clear up the ambiguity in the order.

Upon consideration of the application for a reconsideration, the commission dismissed the application and refused reconsideration, but granted the motion for a rehearing.

The rejection of the application for reconsideration may have been on the ground that the commission felt the order was not ambiguous, and, as stated in its communi-

cation, was not the proper way to raise the question sought to be raised; that the application for rehearing was the proper way and the rehearing was granted. This action of the commission clearly indicated that the commission took the position that the claim was refused on jurisdictional grounds, otherwise no rehearing would have been proper under the law. The Telephone Company took this view of the case and moved to dismiss the application for rehearing, which, after consideration, the commission overruled, and proceeded to hear the case on rehearing, which could only be had as provided by law where the question of jurisdiction is present.

Upon report of the claims' referee upon the evidence taken at the rehearing, the Commission, on September 21, 1936, made the following finding and order:

"On this day this claim coming on to be heard on the transcript of testimony and evidence on rehearing and report of the referee, on consideration thereof, the Commission finds:—

"That the claim be denied on rehearing.

"It has no jurisdiction of the claim and no authority, thereby, to inquire into the extent of disability or amount of compensation claimed.

"It is, therefore, ordered that the claim be denied."

On receipt of this order, claimant took an appeal to the Common Pleas Court, with the result as above stated.

The defendant, the Telephone Company, argues that the action of the Commission did not raise the question of jurisdiction, but only raised the question of the extent of the injury of 1926, and the amount of compensation therefor.

The statute provides for the claimant to make claim for additional or continuing compensation. If claimant's right to continue to receive compensation requires the examination of the cause of the injury, and the Commission's decision is based on the causal connection between the claimed present disability and the injury of 1926, the consideration necessarily goes to the cause of the injury, and not to the extent of the present disability.

Under the facts in the case as presented to the Commission, as shown by the record, the action of the Commission, denying the claim, must necessarily have been on jurisdictional grounds. That he was injured in 1926 is admitted; that he was under great disability at the time of the claim for the modification of the payments made by the company and approved by the commission, is clearly established.

The Commission thereupon under the evidence submitted declared the grounds upon which it made its finding and its last ruling to the effect that it had no jurisdiction of the claim and no authority to inquire into the extent of the disability or the amount of compensation claimed.

The Commission's first finding and order on the application of November 21, 1934, may well be considered as a denial on jurisdictional grounds, notwithstanding its statement that it recognized and assumed jurisdiction of the claim, and found that the claimant had not established his claim that he had suffered any disability in excess of that for which he has been paid. This was in effect saying that he was not, at the time of the consideration of the application, suffering any disability attributable to the injury of 1926, and the fact that the Commission itself granted a rehearing on this finding indicates that to be its construction with reference thereto. The record is that the Commission with the claims' referee considered the finding and concluded that there was no causal connection between the present disability and the injury of 1926.

The defendant company relies largely on the case of **Noggle v Industrial Commission, 129 Oh St 495.** As a general rule of law on the question of jurisdiction, the Noggle case is clear, but the case is clearly distinguishable under its facts and the action of the commission and its conclusions thereunder.

In the Noggle case it is stated that "at no time did the Commission deny claimant compensation on the ground that his condition was not due to the injury sustained on February 17, 1918. Nor did it find that it had no jurisdiction of the claim."

In the case under consideration, the claims' referee reported to the Commission as follows: "The burden of proof is upon claimant to establish by preponderance of evidence that the condition complained of is the result of injury."

On this report the commission made the following finding:

"On this day this claim coming on to be heard on the transcript of testimony and evidence on rehearing and report of

referee, on consideration thereof, the Commission finds:

"That the claim be denied on rehearing. It has no jurisdiction of the claim, etc."

The distinction between this case and the Noggle case is clear.

In the case of **Humphries v Steel Corporation, 132 Oh St 263**, reported in Ohio Bar, March 22, 1937, the court states in paragraph 3 of the syllabus:

"Where the Industrial Commission finds that the present physical disability of claimant is not due to injuries received while in the course of employment, it thereby implies that it has no authority to and did not inquire into the extent of disability or into the amount of compensation to be awarded."

Since the present physical disability of claimant is established, the only reason for the Commission not taking jurisdiction of the claim could be based on the conclusion that the present disability had no causal connection with the injury of 1926, and its declaration and order, above quoted, establishes that to be its view of the case. The plain result of the whole proceeding on the claim leads to no other conclusion than that the claimant is not entitled, on jurisdictional grounds, to continue to receive compensation.

The case of **Schrader v Telephone Co.**, decision by this court, March 30, 1936, (24 Abs 586) is cited by counsel for the Telephone Company in support of its contention. That case is distinguishable in this respect:—The decision in the Schrader case was based on the finding that the claimant was no longer suffering from any disability, and on the proof submitted the case was closed and the Commission's order showed that the order was made on full consideration and the compensation for disability claimed and that there is no proof of any new or changed condition, so far as the proof indicates that claimant is disabled in excess of the periods for which she was awarded compensation.

In other words, in the Schrader case, the compensation was refused on the ground that the claimant was not at the time the application for further compensation was made, suffering from any disability and the case was considered solely on this question.

In the instant case, the disability is clearly shown and is established, and the reason stated by the commission for re-

jection of the claim is that the claimant's present disability was not due to the injury of 1926, and the refusal to allow claimant the right to further participate is due to that fact.

Our conclusion is, that the denial by the commission for further compensation was on jurisdictional grounds and the claimant was entitled to appeal to the Common Pleas Court, which he did.

There are some other questions which go to the weight of the evidence and the extent of the proof, and some objection to testimony. We have examined these questions and have not found any prejudicial error in the rulings of the court. On the factual question, the jury could well find the claimant entitled to participate as it did, and the verdict, we find, is not manifestly against the weight of the evidence.

The judgment is affirmed.

MATTHEWS, J, concurs in judgment of affirmance.

ROSS, PJ, dissents in separate memorandum.

## DISSENTING OPINION

By ROSS, PJ.

I dissent from the judgment of the court, for the reason that a review of the evidence fails to show anything upon which a verdict in favor of the claimant could be predicated.

It is true there were statements of medical experts to the effect that the present condition of the claimant **might** be due to the original injury, inflicted in 1926.

It is true that wherever a factual question is presented, the jury's conclusion is binding upon this court, if there is any substantial evidence to sustain the same.

The burden is upon the claimant to prove the causal connection between an injury and his present condition by a preponderance of the evidence. Testimony that such condition might be due to such injury to my mind, falls far short of proving a causal connection between the injury and the present condition by the appropriate degree of proof. Courts certainly would hesitate to sustain verdicts in personal injury cases based upon statements in the evidence that the collision might have occurred, or that some important and controlling fact might have existed, and I see no reason for applying any different rule in a case bearing the character of the one under consideration, even though attention is directed in that case to opinion evidence of experts.

Such statements, giving them their greatest force, amount to nothing more than the merest kind of conjecture and speculation.

Competency is not directly related to weight of evidence. A particular item of evidence may be competent, and yet be almost completely valueless as a probative factor. To say that, in the opinion of an expert, a condition may or might be due to a particular fact, is to present that which from a probative standpoint is a matter in exact equipoise, for in the affirmative statement is included an equally forceful inference that the condition may or might not be due to the particular fact.

It is suggested that the testimony of the wife is probative of the causal connection between the claimant's present condition and his original injury. The nature of the claimant's ailment is such as to preclude giving substantial weight to her evidence. Difficulty in establishing a fact may not be substituted as proof of the fact.

It is my conclusion that judgment should be entered in this court for the appellant on the ground that there is absolutely no evidence showing a causal connection between the injury of 1926 and the condition now asserted by the claimant as constituting a basis for participation in the Industrial Compensation Fund.

I concur with Judge Hamilton in his conception of the law covering the particular questions of procedure presented.