The paramount question in this case is whether the amendment of Section 1465-90, General Code (111 Ohio Laws, 227), passed March 26, 1925, effective June 24, 1925, and in force at the time of filing his claim with the Industrial Commission, denies the relator a rehearing, which is the basis of his right to an appeal to the common pleas court, under said section, in the event of a denial of his claim.
The statute (109 Ohio Laws, 296), prior to the amendment, provided as follows:
"The commission shall have full power and authority to hear and determine all questions within *Page 478 
its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other jurisdictional ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such commission, may by filing his appeal in the common pleas court of the county wherein the injury was inflicted * * * be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it."
Under the law as amended, and as applicable in the case at bar, the provision of the statute is as follows:
"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final. In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within 30 days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the commission *Page 479 
thereon shall be vacated and the commission shall fix a date for rehearing * * *."
Epitomizing the same, it is apparent that the old law provided for an appeal when there had been a denial upon any "jurisdictional ground going to the basis of the claimant's right." The new law provides for an appeal where "the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation." The old law had the phrase, "or to continue to participate." The same phrase is carried into the new law and appears three times in the section in question.
 This court, in Industrial Commission v. Phillips, 114 Ohio St. 607, 151 N.E. 769, held:
"Where the Industrial Commission denies an injured employe the right to continue to participate in the state insurance fund, upon the ground that his present physical condition is not attributable to an industrial accident occurring in course of his employment, but to other causes, this is a denial upon a 'jurisdictional ground going to the basis of the claimant's right,' and an appeal lies from such denial to the court of common pleas pursuant to Section 1465-90, General Code."
We can see no language in the new law which denies the applicability of the principle stated in the Phillips case, and our conclusion is that under the facts as disclosed by this record the claimant is not denied, under the present statute, an appeal to the court of common pleas; and to that end he is entitled to a rehearing on the part of the Industrial *Page 480 
Commission, and, if the same results adversely to the claimant, he may prosecute his appeal to the court of common pleas if he so desires, pursuant to the terms of Section 1465-90, General Code. The writ of mandamus prayed for will therefore be allowed.
Writ allowed.
MARSHALL, C.J., ALLEN, KINKADE, ROBINSON, JONES and MATTHIAS, JJ., concur.