## INDUSTRIAL COMM v PEMBERTON

Ohio Appeals, 4th Dist, Lawrence Co
Decided Nov 14, 1930

Gilbert Bettman, Attorney General, and R. R. Zurmehly, Columbus, for Industrial Comm.

Corn, Jenkins, Hopkins and Collier, Ironton, for Pemberton.

MAUCK, J.

Whether the demurrer was sustained or not it is admitted that the defense set up in the answer was true, in that no application for rehearing was made by the applicant except the application of May 28, 1927, and if this fact is fatal to the jurisdiction of the trial court this judgment must, of course, be reversed whether any record was saved upon the demurrer or not. The section of the code that fixes the procedure in such cases is **1465-90 GC**. That section after defining the plenary power of the commisison provides this:

> "In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim, and has no authority thereby to inquire into the extent of the disability or the amount of the compensation, and denies the right of the claimant to receive compensation, or to continue to receive compensation for such reason, then the claimant may within thirty days after receiving such notice of the finding of the commission file an application with the commisison for a rehearing of his claim."

The section then provides the procedure for such rehearing. The statute continues:

> "If the commission, after such hearing, finds that it has no jurisdiction of the claim, and no authority to inquire into the extent of the disability or amount of compensation claimed, then the claimant within sixty days after receiving notice of such action of the commission may file a petition in the common pleas court."

The staute, of course, requires that an application for rehearing shall be made to the commission before the applicant has a right of appeal to the Common Pleas, and if such application is not made the court is without jurisditcion to entertain the appeal. **Industrial Commission v. Ramsey, 119 Oh St 497.** The right to appeal in this case, however, in case an application for rehearing was filed by the applicant, has been determined by **State ex rel Rowlands v. Industrial Commission, 118 Oh St 475.**

It is therefore apparent that an appeal was perfected in this case provided there was such application for rehearing as the statute requires, the position of the commission being that a second application for rehearing ought to have been filed after the final denial by the commission.

It is evident that the applicant could never have secured compensation without filing the application for rehearing that he did file in May, 1927. The interpretation sought by the commisison would require us to hold that in such a case as we have at bar the applicant must file two applications for rehearing at two different stages in the progress of his case. It might be sufficient to say that the statute does not require two applications and that we can not impose conditions upon the applicant that the legislature has failed to impose. The real difficulty experienced by the plaintiff in error is that it has not reconciled itself to the soundness of the position taken by the Supreme Court in the Rowlands case. The real point in the position of the commission is that when it makes a finding that it has jurisdiction, and then makes a further finding that the applicant is not entitled to compensation, that its judgment should be conclusive and that no appeal shiould lie to the courts, and this, as we have pointed out, is a view not sustained by the Supreme Court in the Rowlands case. It appears to us that counsel for plaintiff in error overlook the fact that the object of the applicant for compensation is to secure relief. He is not concerned in establishing the jurisdiction of the Industrial Commission. As pointed out by Judge Robinson in the Ramsey case, thousands of cases are disposed of by the Industrial Commission as a matter of routine. The purpose of the application for rehearing is to challenge the particular attention of the commission to a particular case. It brings to the attention of the commission the fact that the particular applicant has something out of the routine to urge upon the commission to the end that he may receive compensation. The final order made after the application for rehearing has been filed, and the one from which an appeal can be taken, is the order that determines that the applicant is to have no compensation. When that order is made his right to an appeal arises, and for the court to say that he must file a second application for rehearing is to read into the statute something that

the law makers have not written there.

The jurisdiction of the Common Pleas is sustained. The second defense of the answer was insufficient in law.

Middleton, PJ, and Blosser, J, concur.