The relator in this case was injured October 11, 1926. On October 29, 1926, he filed his claim with the commission. He was allowed compensation for temporary total disability. On March 21, 1927, an operation was performed upon the relator and his eye was removed. The condition requiring such operation, relator claims, was due to his injury of October 11, 1926.
Thereafter, on April 24, 1927, he filed an application *Page 452 
for further compensation, asking for permanent partial disability for the loss of the eye. Upon hearing, the commission held, under date of July 11, 1928, "that no permanent partial award be made for enucleation of sightless eye," the position of the commission being that prior to the date of the injury of October 11, 1926, the plaintiff's eye had been injured and that his right eye was sightless. In other words, that the loss of the eye was not attributable to an injury sustained in the course of his employment on October 11, 1926.
The denial of the right to continue to participate was therefore based upon jurisdictional grounds, to wit, that the injury was not sustained in the course of the employment.
It is urged that owing to the fact that the commission had already taken jurisdiction of the claim by allowing temporary total disability its jurisdiction was continuing, and that its finding relative to an application for further compensation was final.
We are of opinion that the commission, by making an award for temporary total disability, cannot entirely foreclose the right of appeal to the courts of this state when the denial of further participation is based upon jurisdictional grounds, which in the present case was that the injury was not attributable to the accident of October 11, 1926. This principle is declared in the case of State, ex rel. Araca, v.Industrial Commission of Ohio, ante, 426, 181 N.E. 870, decided at the present term of this court.
Our attention has been called to the case of State, ex rel.Rowlands, v. Industrial Commission, 118 Ohio St. 475,160 N.E. 705, in which case Rowlands, on May 27, 1924, was injured in the course of his employment, by falling downstairs in a county building in Cuyahoga county, while in the scope of his employment. As a result of such fall he claimed to have been injured and totally disabled from May 27 to June 17, 1924. On May 6, 1925, Rowlands claimed to have *Page 453 
sustained a cerebral hemorrhage as a result of his original injury on May 27, 1924. On May 22, 1926, Rowlands filed an application with the Industrial Commission for compensation. On April 28, 1927, he was allowed temporary total disability up to June 17, 1924, and medical expenses covering this period from the date of the injury. No allowance was made for the claim as to the cerebral hemorrhage sustained in May, 1926, it being the opinion of the medical examiner that "the period following November 17, 1924 (during which time he was totally disabled and during this period suffered a cerebral hemorrhage), is in no way connected with the original injury."
Rowlands filed an application for rehearing on May 7, 1927, and on September 23d this application for rehearing was denied, the commission finding "and for the further reason that the application is not accompanied by any proof which warrants further consideration of the claim."
The Commission refused to give Rowlands a rehearing and mandamus was brought to compel it to do so. This court was of opinion that, the commission having denied compensation for the reason that it found that his disability caused by the cerebral hemorrhage of May, 1925, was not due to the accident of May 27, 1924, it was a denial upon jurisdictional grounds, and the writ of mandamus was allowed.
The foregoing facts are disclosed by the record of that case, although not fully set forth in the reported case, found inState, ex rel. Rowlands, v. Industrial Commission, 118 Ohio St. 475, 160 N.E. 705. The principle of that case is applicable in the present instance.
Our attention has been called to the cases of State, ex rel.Butrant, v. Industrial Commission, 124 Ohio St. 589,180 N.E. 61, and State, ex rel. Griffey, v. Industrial Commission,125 Ohio St. 27, 180 N.E. 376; but *Page 454 
we do not regard the conclusions reached in those cases as in conflict with this case.
The second question urged by the respondent is that more than thirty days elapsed after the receipt of notice of the refusal to compensate for the loss of vision of the right eye and the removal of the same.
The refusal to compensate was on July 11, 1928. The notice of the decision was received by the claimant, relator here, on July 13th. Relator claims that, according to the registered mail return receipt of the motion for rehearing, as received by the commission, the same appears to be on August 10, 1928; but the matter is indicated by the records of the Industrial Commission as having been received or filed by it on August 13, 1928. Whether received on August 10, 11, or 13, 1928, it was within thirty days, for the reason that the notice of the refusal to compensate was received by the claimant on July 13th. Thirty days thereafter would end on August 12, 1928, which was Sunday. Under the provisions of Section 10216, General Code, the claimant would have the right to file the application on the following Monday, which was August 13, 1928. So that, whether the application was filed on August 11th or August 13th, it was clearly within the thirty-day limitation.Neiswander v. Brickner, 116 Ohio St. 249, 156 N.E. 138.
The final ground of respondent's defense is that the relator is estopped from raising the question of the loss of vision of his right eye due to the injury of October 11, 1926, because in cause No. 1008543, filed in September, 1924, for the claimed injury of August, 1924, it is claimed that the relator offered proof before the commission that he was blind in his right eye. This claim under cause No. 1008543 was disposed of in December, 1926, resulting in a denial of the right of the relator to participate for that injury.
This is the chief issue between the relator and the commission, whether his total loss of vision in right *Page 455 
eye was occasioned by the injury of October 11, 1926, or was due to some other cause, not arising in the course of his employment on October 11, 1926.
We consider this issue one of fact, determined by the commission against the relator as a denial upon jurisdictional grounds, and forming the basis of the relator's right to go before a jury and have the same determined. The relator is not estopped from making his claim, and this plea of estoppel does not prevent the writ of mandamus issuing to give the relator a rehearing in the premises.
This record also shows that under date of September 26, 1929, the relator filed with the commission an application for modification of award, but this motion appears never to have been pressed, or passed upon by the commission. Such fact, however, we do not regard as interfering with the right of the relator to press his claim for a rehearing theretofore filed, his claim having been denied upon jurisdictional grounds. The writ of mandamus will be allowed.
Writ allowed.
MARSHALL, C.J., ALLEN, KINKADE and STEPHENSON, JJ., concur.