This is an original action in this court, in which the relator seeks a writ of mandamus to require the Industrial Commission to grant him a rehearing of his claim for compensation. Upon the complaint of the relator, filed September 27, 1930, that he had suffered a disability as a result of injury, the Industrial Commission assumed jurisdiction of his claim and made an award of $169.14 for temporary total disability for the period designated, being from August 7, 1930, to October 19, 1930. The claim of the relator was that on July 30, 1930, while digging in a waterworks trench, he came in contact with gas fumes or foul air. The allowance of compensation for temporary total disability was for bronchial irritation, and chronic bronchitis "as a possible sequence of the alleged exposure to gas fumes or foul air." The record discloses that thereafter a member of the commission's medical staff made an examination of relator and reported that he was still disabled, but expressed the doubt that the alleged injury caused the bronchitis, and suggested an investigation to determine whether the claimant had sustained a specific injury. The record discloses no further action until April 25, 1931, *Page 29 
when further examination and investigation were made, as a result of which on July 28, 1931, a reviewer of claims recommended that the commission not allow further compensation. The record discloses that this recommendation was based upon the report of a member of the commission's medical staff, who directed attention to the fact that the claimant had quit work July 30, 1930, and no claim was filed until September 27, 1930; that apparently the first treatment had been on September 19, 1930; that the investigation furnished no medical proof of injury and did not establish the fact that there was gas in the ditch; and, further, that "proof that gas caused the alleged disability is not sufficient to warrant the approval of further compensation."
On August 4, 1931, the commission, following the recommendation above referred to, made the following order or entry: "That commission finds that claimant has been disabled over the period for which he has been paid." Two days thereafter a letter was addressed to the relator advising him of the adverse action by the commission. No application for a rehearing was then filed, but on September 25, 1931, an application "for modification of award" was filed, which on January 4, 1932, was dismissed by action of the commission and the relator promptly notified. An application for rehearing was filed seven days later, which was dismissed.
The only question presented in this case arises from the fact that the order of the commission of August 4, 1931, did not specifically state that further compensation was denied or refused. It is to be observed, however, that no compensation had been allowed the relator subsequent to October 19, 1930. The only question for consideration thereafter was whether the relator was entitled to any compensation subsequent to that date. The announcement of the commission's finding cannot be construed otherwise than as a denial *Page 30 
of any compensation covering a further period, and in connection with the facts clearly disclosed by the record that denial is based upon the finding that the disability complained of did not arise from any compensable injury.
We have frequently held that a denial by the commission of a right to continue to participate in the state insurance fund upon the ground that claimant's present physical condition is not attributable to an industrial accident occurring in the course of his employment is a denial upon jurisdictional grounds going to the basis of claimant's right, and is the basis of appeal to the Common Pleas Court under the statute.
The relator seeks to compel a rehearing of his claim. Under the provisions of Section 1465-90, General Code, the claimant must be accorded a rehearing when the commission bases its denial of the right of claimant to receive compensation, or to continue to receive compensation, upon the finding that the commission has no jurisdiction of the claim. If it be found by the commission that the disability originally manifested, or the disability subsequently developed, was not the result of the injury sustained, and compensation is disallowed or its continuance denied for such reason, a rehearing must be allowed. Industrial Commission v. Phillips, 114 Ohio St. 607,151 N.E. 769; State, ex rel. Cezkovsky, v. IndustrialCommission, 126 Ohio St. 434, 185 N.E. 807. Hence, if the denial of further compensation was based upon jurisdictional ground, relator was entitled to a rehearing if application were filed as required by statute.
Whenever in an action similar to this the question has been presented whether a denial of compensation by the commission was upon jurisdictional grounds, going to the basis of the claimant's right, this court has considered the entire record before the Industrial Commission to determine that question.Industrial Commission v. Phillips, supra; State, ex rel. Araca, v. *Page 31 Industrial Commission, 125 Ohio St. 426, 181 N.E. 870.
A consideration of the record in this case requires the conclusion that the denial of further compensation was upon jurisdictional grounds going to the basis of the claimant's right to participate in the fund. We make the observation that the exercise of proper care over its orders and entries by the Industrial Commission, and greater accuracy in its procedure in that respect, would merit commendation. However, a consideration of the entire record makes it quite apparent that the commission's action was a denial of further compensation upon the ground that the claimant had been paid for the full period of his disability. The view most favorable to claimant is that such action was based upon the conclusion that his disability did not result from an industrial accident.
Upon the adverse finding and announced refusal to allow further compensation upon the ground indicated the right then accrued, if it accrued at all, to file an application for rehearing. If it be claimed that the action of August 4, 1931, was not a denial on jurisdictional grounds, then there has been no action by the commission which would serve as a predicate for an application for rehearing. The filing of an application for modification of award subsequent to the expiration of the thirty days does not serve to present any question other than that which was before the commission prior to August 4, 1931, and it was therefore properly dismissed by the commission. An application for rehearing thereafter and subsequent to the period prescribed by statute is of no avail. The claimant having failed to file such application within the prescribed period cannot by subsequently filing an application for modification of award revest himself with the right lost by failure to comply with the requirement of the statute.Industrial Commission v. Glenn, 101 Ohio St. 454,129 N.E. 687. *Page 32 
For the reasons stated the application for a writ of mandamus will be denied.
Writ denied.
WEYGANDT, C.J., STEPHENSON, JONES, BEVIS and ZIMMERMAN, JJ., concur.