Wilkin, J.
The question is: Do the facts stated in the petition entitle the relator to a rehearing? In other words, are the findings and decisions of the Commission as set forth in the petition such as entitle the relator to an appeal?
The case was presented to this court upon the general assumption that the order of the Commission of June 7, 1933, was a final decision upon jurisdictional grounds, and, since it denied claimant’s right to continue to receive compensation, that it was appealable. Because the “Application for Rehearing” was not filed within the required time, the principal contention was whether the “Application for Modification of Award,” which was filed within time, could be construed as an application for rehearing.
It is apparent that the application for modification of award is in substance and in form just what it was labeled. That it was so considered and treated by all parties is also apparent. And that it would be futile to construe it as anything else becomes apparent when we consider the nature of the Commission’s orders; for neither the decision of June 7, 1933, nor any other decision set forth in the petition, gives the claimant the right to appeal.
A claimant’s right to rehearing as the preliminary step in his appeal to the Common Pleas Court is de *415 fined in Section 1465-90, General Code. The first sentence of that section provides:
“The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final.”
That all questions raised were within the jurisdiction of the Commission is made manifest by the petition. That the Commission exercised jurisdiction is equally obvious. The Commission found that the applicant had “sustained injury as alleged” and made an award for compensation to cover temporary total disability and for impairment. The Commission determined “the extent of disability” and fixed the “amount of compensation to be paid.” And by express command of the statute “its decisions thereon * * * shall be final.”
There is evidently much confusion as to what constitutes an appealable finding or decision. Relator’s brief says, “This court should settle this question.” And the court concedes that relator suggests a consummation devoutly to be wished. It seems that much of the confusion is due to a failure to emphasize the importance of the first sentence in Section 1465-90, quoted above. That sentence controls all that follows in the statute. It is the key to the solution.
The second sentence of the section provides, in part: “* * * if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation, or to continue to receive compensation for such reason, then the claimant may. within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim,” etc.
Now if the Commission denies the right, of the *416 claimant to receive compensation because it has no jurisdiction of the claim and has no authority to inquire into the extent of disability or the amount of compensation, the claimant is entitled to a rehearing. State, ex rel. Randolph, v. Industrial Commission, 128 Ohio St., 27, 190 N. E., 217. Or, if the Commission denies the right of the claimant to continue to receive compensation because it has no jurisdiction of the claim and has no authority to inquire into the extent of disability or the amount of compensation, then again the claimant is entitled to. a rehearing. State, ex rel. Yance, v. Industrial Commission, 125 Ohio St., 447, 181 N. E., 879, 82 A. L. R., 1068. But if the Commission properly assumes jurisdiction, determines the extent of disability, or fixes the amount of compensation, its action is final. The authority so exercised is exclusive under the statute. From such finding or decision there is no appeal, and therefore no right to rehearing.
This court has repeatedly held that the Industrial Commission must in the first instance determine whether it has jurisdiction of a claim, and if this question is resolved in the affirmative its further action is a process of fact finding and its judgment is final. In the exercise of that jurisdiction its function is to determine the extent of the disability and the amount of compensation. There is no appeal from that determination and therefore mandamus does not lie to compel the Commission to grant a rehearing. State, ex rel. Butram, v. Industrial Commission, 124 Ohio St., 589, 180 N. E., 61, and cases cited therein.
The greatest confusion arises however in applying the law to those cases wherein the Commission has taken jurisdiction, and has awarded compensation, and then subsequently makes a finding which denies the right of the claimant to continue to receive compensation. The confusion arises because it is very difficult to determine the reason for the Commis *417 sion’s denial of the right to continue to receive compensation. If such denial is made because the Commission has determined the extent of disability, and has awarded compensation to cover such disability, then the action of the Commission is final. But if the denial is made for the reason that the Commission has or had no jurisdiction, and therefore no authority, then the claimant is entitled to an appeal.
Much of the confusion occurs because the finding denying jurisdiction and authority to make an award is, itself denied by the fact that a former award had been made. An analysis of the facts, however, will frequently disclose that the Commission erroneously assumed jurisdiction in the first instance, or that, while the first finding may have been properly made, the subsequent denial of the right to continue to receive compensation may be due to the fact that the claim for further compensation is based upon facts beyond the jurisdiction and authority of the Commission; for example, that the claimant’s condition is not attributable to an industrial accident, or was not the result of the injury sustained, or that the injury which is the basis of the claim for further compensation did not arise in the course of employment, or occurred beyond the jurisdiction of the state under a contract of employment not made in the state. To assume, in every case where some compensation has been awarded, that the jurisdiction and authority has been established, and that the denial of the right to continue to receive compensation is therefore based upon a determination by the Commission of the extent of disability, would be to disregard the express provisions of the statute which says specifically that the claimant shall have a rehearing if the Commission denies the right to continue to receive compensation because the Commission has no jurisdiction of the claim and no authority to inquire into the extent of disability. It seems to be the clear intention of the legis *418 lature to grant an appeal from a denial of the right to continue to receive compensation, as well as from a denial of the right to receive any compensation, provided the denial is based upon jurisdictional facts.
The facts of the case are decisive. The issue cannot be determined entirely by the order of the Commission. As stated in the case of State, ex rel. Araca, v. Industrial Commission, 125 Ohio St., 426, 181 N. E., 870, the fact that the Commission as a part of its entry of dismissal of claimant’s application to continue to receive compensation states that the Commission had taken jurisdiction, had determined the extent of disability, and had awarded compensation and stands ready to consider any further disability, does not prevent such entry from being an appealable order, if the facts of the case show that the denial of the right to continue to receive compensation was based upon a want of jurisdiction and authority to award compensation.
On the other hand, if the record discloses that the case was within the jurisdiction of the Commission, that the Commission did determine the extent of the disability and awarded compensation, then the finding of the Commission denying the right to continue to receive compensation after the former award is paid is final, and the claimant is not entitled to a rehearing or appeal. Claimant cannot accept what the Commission awards and then appeal to the jury for more. To allow such an appeal would be to deny the exclusive jurisdiction of the Commission.
It might appear, at first, that every case wherein the right to continue to receive compensation is denied is an appealable case, because the very fact of denial seems to place the alleged injury, which is the basis of the claim for further' compensation, beyond the jurisdiction and authority of the Commission. But this is not always true. In most cases where the Commission has taken jurisdiction it properly proceeds to *419 determine the extent of the disability and makes an award of compensation to cover such disability, and its action in the premises is the exercise of exclusive authority. And as stated above, such is the clear intention of the legislature. The statute giving the right of appeal affirmatively states that the Commission shall have full power and authority to hear and determine all questions within its jurisdiction. A claimant has no right of appeal merely because he is dissatisfied with the award of the Commission. If there has been no gross abuse of discretion, his only remedy is an application for modification.
As indicated in the case of State, ex rel. Randolph, v. Industrial Commission, cited above, some of the confusion may be avoided by the exercise of greater care by the Commission over its orders and, entries. If its findings are drawn in strict accordance with the facts, and in harmony with the expressed purpose of Section 1465-90, the question as to what cases are appealable can be more readily determined.
It must be conceded that some of the confusion is due to the terminology of the section itself; and that there has been some want of precision in the opinions of the courts interpreting the section. For instance, the term “final order” has sometimes been used to mean an appealable decision or finding, and sometimes to mean a decision or finding from which there is no appeal. The error occurred by carrying over into the terminology of practice before the Industrial Commission a term of very technical meaning in appeal and error proceedings in courts of law. The term “final order,” as defined in Section 12258, G-eneral Code, has no applicability to the practice of the Commission, and clear thinking requires the avoidance of terms of double or paradoxical meaning. Any finding or decree of the Commission within its jurisdiction, such as a determination of the extent of disability or the amount of award, is a final decision, from which *420 there is no appeal. And any denial by the Commission of the right of the claimant to receive compensation, or to continue to receive compensation, which is based upon a finding that the Commission has no jurisdiction and no authority, is an appealable decision.
Some of the former decisions of this court are not as explicit as later developments- indicate they should have been. The second paragraph of the syllabus in the case of State, ex rel. Araca, v. Industrial Commission, supra, is too broad, in that it implies that the refusal of the Commission to grant claimant the right to continue to receive compensation in itself involves a jurisdictional fact without considering the reason for the refusal. The decision in the Araca case is modified by the decision herein. The decision in the case of Perkins v. Industrial Commission, 106 Ohio St., 233, 140 N. E., 134, is also modified. There is no presumption that an order of the Commission denying the right to continue to receive compensation is based upon jurisdictional grounds. The reason for the denial is a jurisdictional fact, and like any other essential fact, when placed in issue, must be proved. The later case of State, ex rel. Cezkovsky, v. Industrial Commission, 126 Ohio St., 434, 185 N. E., 807, is a more complete expression of the law and is followed herein.
Now in conclusion let it be repeated that if it is borne in mind that the acts of the Commission within its jurisdiction are exclusive, and that its decrees determining the extent of disability and fixing the amount of compensation are final, much of the difficulty will be avoided.
The application of the principles herein announced to the case at bar makes it apparent that the petition does not state facts which entitle the relator to a rehearing. The demurrer to the petition will therefore *421 be sustained and tbe relator given leave to plead further.

Writ denied.

Weygandt, C. J., Stephenson, Jones, Bevis, and Zimmerman, JJ., concur.
Matthias, J., not participating.