Day, J.
 

 This case presents the question whether the amended petition affirmatively shows on its face that the denial of appellant’s application by the Industrial Commission was made on jurisdictional grounds. If it does, appeal therefrom lies to the Court of Common Pleas; otherwise not.
 

 Appellee contends, and the lower courts held, that it does not affirmatively appear on the face of the amended petition that further compensation was denied appellant on the ground that the Industrial Commission had no jurisdiction over the claim.
 

 It is argued that the allegation that
 
 ‘1
 
 said Industrial Commission dismissed said application for modification of award for the reason that his said disabilities were not the- result of the original injury sustained herein and therefore the Industrial Commission of Ohio had no jurisdiction to make an award,” does not aver that such was the finding of the commission and is therefore a statement of the pleader’s own conclusion and not an allegation of fact.
 

 The sufficiency of the amended petition is challenged by a motion to dismiss, which was treated by the court as a general demurrer. A general demurrer admits only facts well pleaded. That portion of appellant’s above-quoted allegation which reads “and therefore the Industrial Commission of Ohio has no jurisdiction to make an award,” was rightly held by the Court of Appeals to be a mere conclusion of the pleader and therefore not well pleaded. It will therefore be treated as mere surplusage and will be entirely disregarded. It is but a label placed by the pleader on a material portion of his allegations. The label will be disregarded but the factual allegations labelled will be considered.
 

 What remains then of the above quoted allegation
 
 *266
 
 is that “said Industrial Commission dismissed said application for modification of award for the reason that his said disabilities were not the result of the original injury sustained herein.” Does the fact that the pleader expressly omitted to aver that this was the finding of the commission warrant a court to hold that the allegation is not one of fact but of the pleader’s own conclusion?
 

 The common law required pleadings to be construed most strongly against the pleader. However, this rule has been abrogated under the Code.
 
 Hall
 
 v.
 
 Plaine,
 
 14 Ohio St., 417, 422;
 
 Crooks
 
 v.
 
 Finney,
 
 39 Ohio St., 57, 58;
 
 Robinson
 
 v.
 
 Greenville,
 
 42 Ohio St., 625, 51 Am. Rep., 857.
 

 The Code requires that ‘ ‘ The allegations of a pleading shall be liberally construed with a view to substantial justice between the parties.” Section 11345, General Code.
 

 The rule of law now prevailing in Ohio is that pleadings must be fairly and reasonably rather than strictly construed
 
 (McCurdy
 
 v.
 
 Baughman,
 
 43 Ohio St., 78, 1 N. E., 93;
 
 Stoutenburg
 
 v.
 
 Lybrand,
 
 13 Ohio St., 228, 233), and that they must be construed most favorably to the pleader
 
 (Hadfield-Penfield Steel Co.
 
 v.
 
 Sheller,
 
 108 Ohio St., 106, at 112, 141 N. E., 89).
 

 For the purpose of testing the legal sufficiency of a pleading under demurrer, liberal construction requires a court to indulge every reasonable inference from the facts alleged. Especially is this true in cases under the Workmen’s Compensation Act; otherwise an injured workman would be deprived of the rights and benefits extended to him by the act.
 

 “Whenever it may be made to appear that by a strict adherence to technical rules the substantial rights of the party are in jeopardy, it is the plain duty of the courts * * * to disregard such rules. ”
 
 Roma
 
 
 *267
 
 v.
 
 Industrial Commission,
 
 97 Ohio St., 247, 253, 119 N. E., 461.
 

 Consequently, in the interest of substantial justice, courts should not indulge in technicalities to defeat the rights of injured employees for whose benefit the Workmen’s Compensation Act was enacted.
 

 That it was not the intention of the Legislature, in enacting the Workmen’s Compensation Act, to'have the rights of injured employees coming within the purview of the act decided on technicalities, may be gathered from a reading of Section 1465-91, General Code, wherein it is provided that the commission shall not be bound by the usual common-law or statutory rules of evidence, or by technical or formal rules of procedure. This section of the law, it was said in
 
 Roma
 
 v.
 
 Industrial Commission, supra,
 
 “is, in a sense, binding on the courts that may review these investigations.”
 

 The allegation' is that the application was denied for the reason that appellant’s disabilities were not the result of the original injury sustained. It is obvious that this was intended by the pleader to be an averment of the commission’s finding rather than that of his own conclusion. This appears to be the clear implication of the allegation and is, in our opinion, an averment of fact, sufficient to withstand the test of a general demurrer.
 

 Appellee next contends that if the allegation be treated as a finding of the commission, such finding nevertheless determines only the question of the extent of disability rather than that of jurisdiction. The argument advanced is that the commission’s jurisdiction is continuing, possessing power to modify or change its former findings and orders; that the finding denying further compensation was one within the commission’s continuing jurisdiction, from which there is no appeal.
 

 Does the finding constitute a determination of the
 
 *268
 
 extent of disability or one of want of jurisdiction over the claim? If the former, then there is no appeal. If the latter, appeal lies.
 

 This question is not novel. It has been before this court a number of times and in each instance it was held that where a denial of compensation for an ultimate disability was made on the ground that it did not result from the original injury sustained, for which compensation was theretofore awarded, it constituted a denial on jurisdictional grounds.
 

 “We have frequently held that a denial by the commission of a right to continue to participate in the State Insurance Fund upon the ground that claimant’s present physical condition is not -attributable to an industrial accident occurring in the course of his employment is a denial upon jurisdictional grounds going to the basis of claimant’s right, and is the basis of appeal to the Common Pleas Court under the statute.”
 
 State, ex rel. Randolph,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 27, 30, 190 N. E., 217.
 

 In
 
 State, ex rel. Yance,
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 447, 181 N. E., 874, 82 A. L. R., 1068, this court held that where the Industrial Commission has allowed an employee injured in the course of his employment, compensation for a temporary total disability, and later such employee asks additional compensation for further injury growing out of the- same accident, and the commission denies such further compensation on the ground that the claimant’s demand is not attributable to the injury sustained in the course of his employment at the time of the accident, for which he has already received compensation for temporary total disability, but due to other causes, such denial is made on jurisdictional grounds.
 

 In
 
 Industrial Commission
 
 v.
 
 Phillips,
 
 114 Ohio St., 607, 151 N. E., 769, this court held that where the Industrial Commission denied an injured employee the
 
 *269
 
 right to continue to participate in the State Insurance Fund upon the ground that his present physical condition is not attributable to an industrial accident occurring in the course of his employment, but to other causes, such denial is one on jurisdictional grounds going to the basis of claimant’s right, and an appeal lies from such denial to the Court of Common Pleas, pursuant to Section 1465-90, General Code.
 

 It is well established in Ohio, therefore, that where the application is dismissed and compensation denied on the ground that the present physical disabilities were not the result of the original injury sustained, such dismissal is made on jurisdictional grounds and appeal lies therefrom.
 
 Noggle
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 495, 501, 196 N. E., 377, 380.
 

 A petition, which alleges that the application was dismissed and compensation denied on the ground that the applicant’s disabilities did
 
 hot
 
 result from the original injury, affirmatively shows on its face that the dismissal and denial were made on the ground that the Industrial Commission had no jurisdiction of the claim, thereby giving the Court of Common Pleas jurisdiction over the appeal.
 

 Where the Industrial Commission finds that the present physical condition of claimant is not due to injuries received while in the course of employment, it thereby implies that it has no authority to and that it did not inquire into the extent of disability or into the amount of compensation to bé awarded.
 

 The Industrial Commission must first determine whether it has jurisdiction over a claim before it can inquire into the extent of claimant’s injury. If it finds that it has jurisdiction, it may then determine the extent of disability.
 
 State, ex rel. Butram,
 
 v.
 
 Industrial Commission,
 
 124 Ohio St., 589, 180 N. E., 61.
 

 “Much of/the confusion occurs because the finding denying jurisdiction and authority to make an award
 
 *270
 
 is itself denied by tbe fact that a former award had been made. An analysis of tbe facts, however, will frequently disclose that tbe commission erroneously assumed jurisdiction in the first instance, or that, while tbe first finding may have been properly made, tbe subsequent denial of the right to continue to receive compensation may be due to tbe fact that tbe claim for further compensation is based upon facts beyond the jurisdiction and authority of tbe commission; for example, that tbe claimant’s condition is not attributable to an industrial accident, or was not tbe result of tbe injury sustained, or that tbe injury which is tbe basis of the claim for further compensation did not arise in tbe course of employment, or occurred beyond tbe jurisdiction of the state under a contract of employment not made in tbe state. To assume, in every case where some compensation has been awarded, that tbe jurisdiction and authority has been established, and that tbe denial of the right to continue to receive compensation is therefore based upon a determination by tbe commission of the extent of disability, would be to disregard tbe express provisions of the statute which says specifically that the claimant shall have a rehearing if the commission denies the right to continue to receive compensation because the commission has no jurisdiction of the claim and no authority to inquire into the extent of disability. It seems to be the clear intention of the Legislature to grant an appeal from a denial of the right to continue to receive compensation, as well as from a denial of the right to receive any compensation, provided the denial is based upon jurisdictional facts.”
 
 State, ex rel. DePalo,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 410, at page 417-18, 191 N. E., 691.
 

 In the interest of clarity it should be stated that the amended petition does not allege that an application for rehearing was filed, which, under Section 1465-90,
 
 *271
 
 General Code, is a prerequisite to an appeal. However, an application for rehearing was not required in the instant case, since appellant’s claim was a pending proceeding before the Industrial Commission prior to the effective date of Section 1465-90, General Code, as now amended. Under this provision of the Code prior to amendment, by which this proceeding is governed, an application for rehearing was not a prerequisite to appeal.
 

 We hold, therefore, that appellant’s amended petition shows on its face a right to appeal to the Court of Common Pleas.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Jones, Zimmerman and Myers, JJ., concur.
 

 Matthias and Williams, JJ., not participating.