By the Court.
In October, 1933, Pyles, while in the course of his employment, received an injury consisting of a compound, comminuted and crushing fracture of the upper third of the right femur, was confined to the hospital with that limb in a plaster cast which, when removed, left his leg stiff and ankylosed, and, was directed by his physician to use a cane to assist in ambulating in order to strengthen the leg and hasten recovery. He applied for and received workmen’s compensation for that injury.
In April, 1934, while following his physician’s instructions, Pyles placed weight upon the injured member, which failed to support him and he was thrown down while descending steps at his home, resulting in a complete fracture of the neck of the trochanter of the right femur.
In January, 1936, Pyles filed an ¿pplication for modification of award, requesting compensation for all of his' disabilities; including that resulting from *385 the fracture of the trochanter of the femur, and for medical and hospital expenses incurred as a result thereof.
The Industrial Commission, finding that this later injury was not sustained in the course of and arising out of claimant’s employment, denied compensation and medical expenses therefor. However, the commission ordered the continuance of temporary partial disability based upon the original injury of October, 1933.
Pyles filed in the Court of Appeals a petition in mandamus, which was met with a demurrer on the ground that he had an adequate remedy at law by appeal to the Court of Common Pleas for the reason that compensation for the second injury was denied on a jurisdictional ground. Relator’s claim in the Court of Appeals was that he was totally disabled as a proximate result or an aggravation of the original injury, entitling him to temporary total disability compensation. The Court of Appeals overruled the demurrer to the petition, and issued a writ of mandamus directing that, in determining compensation, the commission take into consideration disability arising from the fracture of the trochanter of the femur received in April, 1934, and medical and hospital bills. Appeal was prosecuted to this court by the Industrial Commission.
The writ of mandamus does not lie where there is another plain and adequate remedy at law. Section 12287, General Code. Compensation for the second injury having been denied on a jurisdictional ground, the claimant had a right of appeal to the Court of Common Pleas under Section 1465-90, General Code. Industrial Commission v. Phillips, 114 Ohio St., 607, 151 N. E., 769; State, ex rel. Yance, v. Industrial Commission, 125 Ohio St., 447, 181 N. E., 874, 82 A. L. R, 1068; State, ex rel. Cezkovsky, v. Industrial Commission, 126 Ohio St., 434, 185 N. E., 807.
For the foregoing reasons the judgment of the Court *386 of Appeals will be reversed, and there being no dispute on the facts, final judgment will be entered for the appellant.

Judgment reversed a/nd final judgment for appellant.

Weygandt, C. J., Jones, Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.