The relatrix predicates this mandamus proceeding upon that portion of Section 1465-90, General Code (117 Ohio Laws, 86), effective July 3, 1937, which reads:
"If the order of the commission does not state the ground or grounds on which the claim was denied, or if the order of the Industrial Commission is not definite in such regards, the claimant may maintain an action in mandamus against the commission in the Supreme Court of Ohio, and, if the final order in such proceedings directs the commission to state the ground or grounds of its order or make the order definite as to the ground or grounds thereof, then there shall be taxed as part of the costs assessed against the commission an attorney fee in the amount of $250."
Counsel agree that the second order of the commission denying additional compensation on January 26, 1939, definitely stated the grounds. Therefore, that issue is moot and the only question before this court is whether attorney fees should be taxed.
Counsel for the relatrix in their brief assert that the purposes of the General Assembly in amending Section 1465-90, General Code, were to avoid confusion *Page 35 
in the court as to what orders were final and appealable, and to place a penalty upon the Industrial Commission. Counsel direct our attention to observations and admonitions by this court when reviewing orders of the Industrial Commission which were not definite in State, ex rel. Randolph, v. IndustrialCommission, 128 Ohio St. 27, 31, 190 N.E. 217; State, exrel. Depalo, v. Industrial Commission, 128 Ohio St. 410, 419,191 N.E. 691; Simmons v. Industrial Commission, 134 Ohio St. 456,457, 17 N.E.2d 751.
Forfeitures and penalties are not favored in law or equity and statutory provisions therefor must be strictly construed. 19 Ohio Jurisprudence, 204, 215, Sections 4 and 17; 37 Ohio Jurisprudence, 752, Section 425.
Section 1465-90, General Code, provides for taxing an attorney fee only if the final order in the mandamus proceeding directs the commission to amplify its order in the respects named in the amended statute.
Strictly construing the penalty portion of that section, in connection with the admission that the order of the commission dated January 26, 1939, is definite, this court by virtue of the limited language of that section is not warranted in issuing a writ of mandamus.
Writ denied.
WEYGANDT, C.J., WILLIAMS, MATTHIAS and HART, JJ., concur.
MYERS, J., not participating. *Page 36