BROOKS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(No. 466—Decided November 25, 1942.)

*Mr. R. N. Larrimer* and *Messrs. Woolley & Rowland,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, *Mr. E. P. Felker* and *Mr. Robert E. Hall,* for appellant.

METCALF, J. This is an appeal on questions of law from the judgment of the Common Pleas Court of Athens county, without the intervention of a jury, finding that the plaintiff, Erwin Brooks, was entitled to participate in the state insurance fund under the workmen's compensation law of Ohio.

Defendant, the Industrial Commission of Ohio, attacked the jurisdiction of the trial court, first, by demurrer to the petition and, that being overruled, then

by way of answer claiming that the order of the commission attempted to be appealed from was not appealable under and by virtue of Section 1465-90, General Code, before amendment, and that contention is in effect the sole issue before this court.

That we might better understand and interpret the order in question to determine its appealability, we must examine the record which discloses that claimant was first injured in his lower spine and region of his coccyx on November 4, 1936, while in the employ of the George M. Jones Coal Company, an employer amenable to the Workmen's Compensation Act. A claim was filed and an award made, being claim number 1,411,760. Later claimant returned to work for the same employer and again on the 26th day of March 1937, while in the course of his employment sustained a crushing injury to his back and region of the coccyx. A second claim was filed and compensation was allowed for this second injury in claim number 1,425,978 which is the claim in controversy here.

On November 22, 1938, the commission disallowed claimant's application in claim number 1,425,978 for further compensation, its order reading as follows:

"The commission finds from the proof of record that claimant has made good recovery from the injury upon which this claim is predicated, and that any disability claimant may have is the result of prior injury; that medical bills be paid as approved."

An application for rehearing was filed within thirty days from receipt of notice of this order and the rehearing was granted by the commission on the 20th day of March 1939. A referee was appointed, testimony taken and the record made on behalf of both parties.

Upon completion of the record the commission, on motion of counsel for the state insurance fund, entered the following order under date of January 8, 1940,

from which the defendant claims there is no appeal. It reads:

"This case comes on for hearing upon the motion of counsel for the state insurance fund to dismiss the application for rehearing, whereupon, it is the finding of the commission that the claimant herein has filed two claims numbered 1,411,760 and 1,425,978; both said claims have been recognized and compensation paid.

"On November 22, 1938, it was found that disability as the result of the injury in claim No. 1,425,978 had ceased. However, all other disability was recognized as resulting from the injury in claim No. 1,411,760 and compensation has been continued and is now being paid in said claim No. 1,411,760. It is further the finding of the commission that all of claimant's disability has been recognized in one or the other of said claims and the commission has at no time denied any existing disability as being the result of the said injuries, and that the orders of November 22, 1938, were within the commission's sole jurisdiction.

"Therefore, the motion is sustained, the application for rehearing dismissed and all proceedings on rehearing vacated."

From this order an appeal was taken to the Common Pleas Court within the statutory time.

Nowhere in the record or in either of the orders hereinabove set out does the commission deny existing disability on the part of claimant. On the other hand, the record is replete with evidence showing that the plaintiff is disabled. The record further shows that prior to either injury claimant was a strong and healthy man, normal in every way; that after the first injury he was able to and did return to work and that the second injury was of such a nature that it necessitated the removal of a part or all of the coccyx. The record contains evidence showing the result of this second injury, and of the operation, on the condition of claimant. Therefore, when the commission acted under date of

November 22, 1938, denying further compensation, it could have arrived at that conclusion only on the ground that the disability of claimant was not caused by the injury of March 26, 1937, but was caused by the injury of November 4, 1936. In effect that is just what the commission found because its order states that any disability claimant may have is the result of prior injury.

The commission further recognized this in granting a rehearing. In the order of January 8, 1940, dismissing and vacating the rehearing, the commission again recognized that claimant is suffering disability and reiterates in the last sentence of second paragraph that it "has at no time denied any existing disability as being the result of the said injuries," but the commission proceeds upon the theory that it is acting within its sole jurisdiction.

Certainly from the orders herein referred to it is conclusive that it was the cause of the disability and not the extent thereof that the commission was determining in the order of January 8, 1940.

The principles laid down by the Supreme Court in *Humphries* v. *Wheeling Steel Corp.*, 132 Ohio St., 263, 7 N. E. (2d), 230, are applicable here. Both the petition and record here show that the application for further compensation was denied and the rehearing dismissed on the ground that claimant's disabilities are not the result of the injury claimed, and this the Supreme Court has said affirmatively shows that the dismissal and denial are made on the ground that the Industrial Commission had no jurisdiction of the claim, thereby giving the Court of Common Pleas jurisdiction of the appeal.

Other pronouncements by the Supreme Court of this same principle may be found in *State, ex rel. Butram,* v. *Industrial Commission,* 124 Ohio St., 589, 180 N. E., 61; *State, ex rel. Randolph,* v. *Industrial Commission,* 128 Ohio St., 27, 190 N. E., 217; *State, ex rel. Yance,* v.

*Industrial Commission,* 125 Ohio St., 447, 181 N. E., 874, 82 A. L. R., 1068.

It was said in *State, ex rel. Depalo,* v. *Industrial Commission,* 128 Ohio St., 410, 191 N. E., 691, that, "The facts of the case are decisive. The issue can not be determined entirely by the order of the commission." The court in that case quoted with approval that part of the case of *State, ex rel. Araca,* v. *Industrial Commission,* 125 Ohio St., 426, 181 N. E., 870, wherein it was held that regardless of what the commission said in its order if the facts of the case show that the denial of the right to continue to receive compensation was based upon a want of jurisdiction and authority to award compensation the order was appealable.

The Court of Appeals of Hamilton county in *Mummert* v. *Cincinnati & Suburban Bell Telephone Co.,* 56 Ohio App., 511, 11 N. E. (2d), 258, decided May 24, 1937 (motion to certify overruled October 20, 1937), in discussing the same question said: "If the refusal of further compensation is based upon a determination by the commission of the question of the extent of disability, its decision is not appealable. If the refusal is based upon the question of the cause of the disability, a question of jurisdiction is involved, and the decision is appealable."

It is our conclusion that the order of the commission appealed from was based upon the fact that the commission found from the record that the disability existing on the part of claimant was the result of the first and not the second injury and that, therefore, this disability having no causal connection with the injury upon which claimant was predicating his claim, the commission was precluded from proceeding further. Other matters in this order wherein the commission claims sole jurisdiction or attempts to explain its former order are merely surplusage and in no way change its finding.

Therefore, the facts in this case showing that the denial of the right of claimant to continue to receive compensation is based upon jurisdictional grounds, the order is appealable.

Subsequent to the preparation of the foregoing opinion and before it was filed, counsel for appellee submitted an additional memorandum citing the case of *In re Lowry*, 140 Ohio St., 223, 42 N. E. (2d), 987, and contend that this court does not have jurisdiction for the reason that the motion for new trial was not filed within three days from the filing of the written decision of the trial court. Failure to file a motion for new trial within the proper time does not affect the jurisdiction of this court on appeal but does preclude the consideration of the case on the weight of the evidence. The sole question presented and decided in the instant case is a question of law.

It is set out in the additional memorandum that the bill of exceptions has never been filed in the Court of Common Pleas. The transcript of the docket entries does not contain an entry showing such filing but the filing thereof in the trial court is noted on the front cover of the bill of exceptions. The failure of the clerk to enter the filing on the appearance docket does not defeat the right of a review of the case. 2 Ohio Jurisprudence, 484, Section 427. Such duty on the part of the clerk has been held to be directory and ministerial. *Pace* v. *Volk*, 85 Ohio St., 413, 98 N. E., 111. The notation on the face of the bill of exceptions with reference to its having been filed in the trial court is sufficient. *Buck* v. *State*, 80 Ohio St., 395, 399, 88 N. E., 1099.

There being no error prejudicial to appellant the judgment will be affirmed.

*Judgment affirmed.*

GILLEN, P. J., and McCURDY, J., concur.