Weygandt, C. J.
From the pleadings it is apparent that but one issue now remains to be determined; and that is the question of law whether under these undisputed operative facts the relator is entitled to the issuance of a writ of mandamus ordering the respondent Industrial Commission to allow the relator an attorney fee in the amount of $250.
Amended Section 1465-90, General Code, reads in part as follows: ■
“The commission shall definitely and specifically pass upon each and every issue raised in the claim, necessary for a proper and complete decision thereon. * * * If the order of the commission does not state the ground or grounds on which the claim was denied, or if the order of the Industrial Commission is not definite *611 in such regards, the claimant may -maintain an action in mandamus against the commission in the Supreme Court of Ohio, and, if the final order in such proceedings directs the commission to state the ground or grounds of its order or make the order definite as to the ground or grounds thereof, then there shall be taxed as part of the costs assessed against the commission an attorney fee in the amount of $250.”
In his construction of this statute the relator relies upon the decision of this court in the case of State, ex rel. Ries, v. Industrial Commission, 141 Ohio St., 639, 49 N. E. (2d), 952. The respondent commission places its reliance upon another decision of this court in the earlier case of State, ex rel. Cline, v. Industrial Commission, 136 Ohio St., 33, 23 N. E. (2d), 636, which the reiator insists was overruled sub silentio by the Ries case, supra.
As in the instant case, the relatrix in the Cline case asked the issuance of a writ of mandamus to compel the Industrial Commission to state the specific ground on which her claim was denied, and asked also that she be allowed the statutory attorney fee of $250. There as here, the commission entered a definite order shortly after the mandamus action was filed and before a hearing was had in this court. There as here, the issue as to the indefiniteness of the order thereby became moot, and the sole question then remaining before this court was whether the statutory attorney fee of $250 should be allowed. In the per curiam opinion appears the following pronouncement:
■ “Forfeitures and penalties are not favored in law or equity and statutory provisions therefor must be strictly construed. 19 Ohio Jurisprudence, 204. 215, Sections 4 and 17; 37 Ohio Jurisprudence, 752,-Sec-tion 425.
“Section 1465-90, General Code, provides for taxing *612 an attorney fee only if the final order in the mandamus proceeding directs the commission to amplify its order in the respects named in the amended statute.
“Strictly construing the penalty portion of that section, in connection with the admission that the order of the commission dated January 26, 1939, is definite, this court by virtue of the limited language of that section is not warranted in issuing a writ of mandamus.”
It is apparent that that decision is dispositive of the instant controversy unless the Ries case is in conflict. A study of the opinion by Judge Hart in the latter case discloses that the Cline case is not mentioned and that the dissimilarity is such as to make this unnecessary. It is true that each was an action for a writ of mandamus against the Industrial Commission, but there was little else in common. In the Cline case the relatrix asked that an indefinite order of the commission be made definite, while in the Ries case the wholly different redress sought was that the commission be found guilty of abuse of discretion in failing to follow the recommendation of its inspector in fixing the relator’s average weekly wage. In both cases attorney fees were involved, but in the Cline case the relatrix invoked the-special provision fixing a penalty of $250, while in the Ries case the relator asked merely an adjustment of attorneys fees on the basis of an increase in compensation. Furthermore, in the latter case the commission admitted that an error had been made as to the date from which the readjusted compensation should begin, and it was conceded, too, that the readjustment of compensation warranted a corresponding readjustment of attorney fees; hence the writ was allowed.
That the amount fixed by the special provision is a penalty is evidenced by the fact that it is arbitrary *613 and must be $250 irrespective of the nature of the claim or the extent of the professional services rendered. The language of the statute is unambiguous in the limitation that the penalty shall be imposed and taxed as' a part of the costs only when ‘ ‘ the final order in such proceedings directs the commission to state the ground or grounds of its order or make the order definite as to the ground or grounds thereof.” In this case it is of course proper to adjudge the costs against the respondent commission inasmuch as its order was not made specific until after the action had. been instituted, but since the issue has become moot the writ will not be issued and the penalty cannot be imposed and assessed as a part of the costs.

Writ denied.

Matthias, Hart, Williams and Turner, JJ., concur.