Zimmerman, J.,
dissenting. I agree with portions of what is said in the majority opinion, but I cannot join in the conclusion that the demurrer to the petition should be sustained and the writ, as prayed for, summarily denied.
Section 2309.40, Revised Code, provides:
‘ ‘ The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties. ’ ’
By virtue of prior statutory provisions like the above, this court has held that as against demurrer a liberal construction of a petition in favor of the pleader is required, and, furthermore, that a court will indulge every reasonable inference, from the facts alleged, to sustain the petition. Humphries v. Wheeling Steel Corp., 132 Ohio St., 263, 7 N. E. (2d), 230; and Gugle v. Loeser, 143 Ohio St., 362, 55 N. E. (2d), 580.
It is expressly alleged in the petition in the instant case “that on the 25th day of June 1956, the council of said city of Zanesville, Ohio, passed ordinance No. 5507 establishing water rates for domestic, commercial and industrial users of water of the Zanesville municipal water plant. * * * Said ordinance was vetoed by the Mayor of the City of Zanesville on July 5, 1956, and was on July 27, 1956, passed over said veto by said city council. ’ ’
Zanesville is a charter city, and from such allegation in the petition the inference must be indulged that the charter provides for the veto of an ordinance by the mayor and for the right of the council to approve the ordinance over the veto. As a matter of fact, section 24 of the charter, as quoted in respondent’s brief supporting the demurrer, does so expressly provide.
This leads to a consideration of section 57 of the Zanesville charter, which was made a part of the petition as an exhibit and which recites:
“Every ordinance, excepting emergency measures as hereinafter excepted, passed by the council, shall be subject to referendum, if at any time within 30 days a petition signed by electors *571 equal to ten per cent in number of registered voters, be filed with the clerk, requesting that such ordinance be submitted to the people for consideration.”
When is an ordinance “passed” by the council within the meaning of such section?
As stated in 62 Corpus Juris Secundum, 855, Municipal Corporations, Section 4435, “the general rule is that an ordinance speaks from the time it goes into effect or operation, and not from the date of its passage.”
And in the annotation, 132 A. L. R., 1049, the following significant language appears:
“It is generally conceded that ‘passage’ of an act [ordinance] means, in its literal and normal sense, the completion of the legislative enactment of a law [ordinance] and that where constitutional [charter] provisions require the governor’s [mayor’s] approval of the act [ordinance] before it becomes a law [ordinance], or in the absence of his approval, passage over his veto, ‘passage’ means the date of the governor’s [mayor’s] approval rather than the date the act [ordinance] was voted upon favorably by the legislature [council], or, in the event of a veto, refers to the date of the act’s [ordinance’s] final passage over the veto.” (Emphasis supplied.)
In the petition it is averred that the Zanesville city council passed the ordinance over the mayor’s veto on July 27, 1956, and that “within thirty (30) days therefrom, on August 18, 1956, the relator herein, along with others who constituted the committee to circulate the referendum petition, did file with the respondent, the clerk, the referendum petition consisting of 52 parts and containing 3,748 signatures of electors of the city of Zanesville, the number of registered voters of said city being 16,664 the number of signers being in excess of 10 per cent thereof. Said referendum petition was filed for the purpose of submitting to the electors of Zanesville for their approval or rejection ordinance No. 5507.”
The petition and the demurrer thereto alone are now before the court, and from the allegations of the petition the conclusion can hardly be reached that the ordinance passed by the Zanesville city council, fixing new water rates, was one to complete the legislation necessary to make and pay for a public *572 improvement and hence not subject to referendum under section 62 (b) of the charter. Besides, such charter provision is not the basis on which the majority of the court rests its decision.
Consequently, in my opinion, the petition is good as against demurrer, and the demurrer should be overruled.
Matthias, J., concurs in the foregoing dissenting opinion.