* REPORTER'S NOTE. For decision on demurrer to petition seeState, ex rel. Butram, v. Industrial Commission,post, 648.
The sole relief sought in this court is mandamus to compel the allowance of a rehearing. The law governing a rehearing and the procedure relating to a rehearing is found in Section 1465-90, General Code (111 Ohio Laws, 227). This statute has been many times before this court for consideration, and the procedure thereunder is well settled. If the commission finds that it is without jurisdiction, the rehearing must be allowed. If the commission entertains jurisdiction, and denies compensation on any ground other than that which goes to the basis of claimant's right, the rehearing is properly denied. *Page 592 
The problem in the instant case is one of interpretation of Section 1465-80, General Code (110 Ohio Laws, 225, 226), which in its pertinent parts reads. "In case an injury results in serious facial or head disfigurement which impairs the opportunities to secure or retain employment, the industrial commission of Ohio may in its discretion, make such award of compensation as it may deem proper and equitable, in view of the nature of the disfigurement and not to exceed the sum of thirty-seven hundred and fifty dollars."
Whatever compensation the relator is entitled to must be by virtue of that section. That section not only creates the right, but provides the method by which the right will be adjudged and the amount of compensation determined.
The question of the right to participate in the state insurance fund is a legal question to be determined in the first instance by the commission, but subject to appeal to the court of common pleas if the right is denied. It is this legal right which is referred to in Section 1465-90, General Code (111 Ohio Laws, 227), where it is stated: "* * * If the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim * * *."
When the commission entertains jurisdiction of a claim, its further action is a process of fact finding *Page 593 
and its judgment is final. The jurisdictional question is a comparatively simple one, depending upon two elements, viz., whether the claimant is an employee, and whether he was injured in the course of the employment. This conclusion is supported and emphasized by the amendment of Section 1465-90, General Code (111 Ohio Laws, 227), which limits the judgment of the court of common pleas in appellant's favor on appeal to the simple finding that the claimant is entitled to participate in the state insurance fund, leaving to the commission the function of determining the extent of the disability and the amount of compensation. State, ex rel. Kauffman, v. IndustrialCommission, 121 Ohio St. 472, 169 N.E. 572. In ordinary cases, where these elements are found in claimant's favor, the statutes are peremptory in requiring the commission to award compensation. Its finding upon the extent of the disability and the amount of compensation is final, whether large or small. If the injuries are slight, causing the applicant no loss or diminution of wages, and no expense for medical or surgical attention, the commission may entertain jurisdiction and yet deny compensation altogether, and its judgment would still be final. In the instant controversy we are not dealing with an ordinary case. There is no mandatory duty to award compensation for disfigurement. A discretion is lodged with the commission, which of course must be a sound discretion to be soundly exercised. The commission can only be brought to judicial account for an abuse of that discretion. The statute does not award compensation for every disfigurement. It is only for "serious *Page 594 
facial or head disfigurement which impairs the opportunities to secure or retain employment." Except for that provision of Section 1465-80, General Code (110 Ohio Laws, 225, 226), nothing could be awarded for disfigurement. The right is the creature of the statute and is subject to the conditions and limitations stated in the statute.
It must be noted that the power conferred upon the commission by that portion of Section 1465-80 above quoted is discretionary, while the other paragraphs of the same section relating to compensation are couched in mandatory language. Section 1465-79, relating to temporary disability, provides that "the employe shall receive," etc. Section 1465-80, relating to partial disability, contains the same language. Section 1465-81, relating to total disability, and Section 1465-82, relating to injury causing death, provide that the benefits "shall be," etc. It must be assumed that the Legislature acted advisedly in creating an absolute right in the one class of cases and leaving it to the sound discretion of the commission in the other. There is an analogy between Sections 1465-80 and 1465-89. The latter section reposes in the commission the power to disburse from the state insurance fund amounts for medical and hospital expenses in excess of $200 in unusual cases where it is clearly shown that the expenses exceed that amount, upon unanimous approval by such commission, "such finding of facts to be set forth upon the minutes." It was held in Industrial Commission v. Klaff, 123 Ohio St. 451,175 N.E. 697, that that gave sole power to the commission to make the determination and that it was not subject to review. *Page 595 
In the instant case the commission entertained jurisdiction. It found the jurisdictional elements of employment and injury in the course of the employment, but in the exercise of that jurisdiction, and in the exercise of the discretion reposed in it, reached the conclusion that the disfigurement is not serious and that it does not impair the opportunities to secure and retain employment. A rehearing in this case would be a vain thing. If allowed, and if claimant appealed and there should be a judgment in claimant's favor in the court of common pleas, that judgment would only entitle claimant to participate in the insurance fund. The judgment would then be certified to the commission to exercise its discretion. That discretion has already been exercised.
Mandamus can be invoked to compel an officer to exercise a discretion, but can never be invoked to direct the manner of its exercise. It is the theory of the relator that the award for disfigurement is wholly additional to and disconnected with compensation for physical impairment. Inasmuch as the seriousness of the disfigurement and the impairment of opportunities to secure and retain employment are subject to the judgment and discretion of the commission, they being the sole and exclusive judges thereof, we cannot concur in that interpretation.
It follows that the writ of mandamus must be denied.
Writ denied.
JONES, MATTHIAS, DAY and KINKADE, JJ., concur. *Page 596 
ALLEN, J., concurs in the judgment, but dissents from the syllabus.
STEPHENSON, J., not participating.