Stephenson, J.
"While the section of the General Code involved in this case may be abstruse to some .extent, the issue is unquestionably clean cut. Whether or not Araca, the relator herein, is entitled, as a matter of law, to a rehearing before the Industrial Commission, is the sole- question for determination.
There is no issue of fact in the case. The question of law arises by reason of the susceptibility to different interpretations of certain parts of Section 1465-90, General Code of Ohio, defining the jurisdiction and duties of the Industrial Commission of the state of Ohio.
So much of Section 1465-90, General Code, as applies to this case, reads as follows: ‘ ‘ The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final. In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the *435 commission thereon shall be vacated and the commission shall fix a date for rehearing of snch claim and give the claimant and his employer at least one week’s prior notice thereof. * * *
“If the commission, after snch hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the common pleas court of the county wherein the injury was inflicted, or in the common pleas court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio.”
The section further secures to claimant a trial by jury, if he desires it, and provides for the procedure whereby claimant may have his claim adjudicated.
Section 1465-61 of the General Code particularly specifies the employes who will be permitted to participate in the state insurance fund.
Section 1465-68, General Code, provides that ‘ ‘ Every employe mentioned in Section 1465-61, who is injured, and the dependents of such as are killed in the course of employment” shall be compensated in the manner and to the extent provided in such section and kindred sections.
A proper interpretation of these sections of the General Code, cited and quoted, is dispositive of the question now before us.
If an employe coming within the statutory description is injured in the course of his employment, he will be compensated. If he is killed in the course of his employment, his dependents will be compensated. Upon denial, in order to procure such compensation, Section 1465-90, General Code, must be followed.
Araca was allowed compensation on his original application and was paid to a certain time, then his compensation was cut off and he filed an application to *436 continue to participate, and the commission refused him further participation.
When a jurisdictional question going to the basis of claimant’s right is raised, claimant is entitled to his due process of law. He has a right to have his cause reviewed by the courts. Slatmeyer v. Industrial Commission, 115 Ohio St., 654, 155 N. E., 484, approved and followed.
We are in perfect harmony with the law announced by Chief Justice Marshall in the case of State, ex rel. Butram, v. Industrial Commission, 124 Ohio St., 589, 180 N. E., 61. We quote the second paragraph of the syllabus:
“By virtue of Section 1465-90, General Code, the industrial commission must in the first instance determine whether it has jurisdiction of a claim, and if this question is resolved in the affirmative its further action is a process of fact finding and its judgment is final. In the exercise of that jurisdiction its function is to determine the extent of the disability and the amount of compensation. There is no appeal from that determination and therefore mandamus does not lie to compel the commission to grant a rehearing.”
This case settles all questions as to the interpretation of the first sentence of Section 1465-90, General Code. The commission finds it has jurisdiction and acts in the affirmative, that is to say, finds there is disability, determines its extent, makes its award, and its action is final; but, if it finds it has no jurisdiction, such finding must be predicated upon a fact or a series of facts, and, if such fact or facts constitute the basis of claimant’s right, then the commission must do all things necessary to give claimant his day in court.
The naked finding of the commission to the effect that it has or has not jurisdiction of a particular claim is not conclusive when the application of the claimant is denied, as the court in an action in mandamus must consider the same facts that the commis *437 sion considered in determining the question of juristion.
Summarizing the facts in this case, we find on September 20, 1930, relator, while in the employ of a contributor to the-state insurance fund, suffered a fractured skull; that the commission paid him compensation for temporary total disability to April 19, 1931; that on May 22,1931, he filed an application for a modification of the award, claiming he had not recovered from his injuries, and filed his medical proof. The commission, on September 15, 1931, found claimant was not entitled to further compensation, and on October 29, 1931, notified him of such finding. On November 9, 1931, relator filed with the commission an application for a rehearing, and on December 10,1931, it made the following order:
“It appears that the injury occurred on or about Sept. 20, 1930. The Commission has taken jurisdiction of the claim and has inquired into the extent of the disability; has awarded compensation for disability found to exist and stands ready and willing to consider any further disability which the claimant may have when established by substantial proof.
“Therefore, it is the order of the Commission that the application for rehearing be dismissed for the said reasons and for the further reason that the ground set forth in the Application for Rehearing is a communication addressed to the claimant. ’ ’
It will be seen that the commission objected to the form in which claimant made his application for rehearing; but as counsel has not seen fit to advert to this question, and we regard it as inconsequential, we are not considering it.
Under the facts, this was a final order of the commission denying to the claimant the right to continue to receive compensation because of the failure of his proof to establish his right to further participate. Surely this brings the case under the wing of the *438 second provision of Section 1465-90 of the General Code. It involves a jurisdictional fact going to the basis of claimant’s right, and he is thereby entitled to a rehearing.
The mere fact, as pleaded by the commission, in substance, that it is holding his claim open and is ready and willing to consider any further disability which the claimant may have, when established by substantial proof, adds nothing. The demurrer to the answer is sustained.

Writ allowed.

Marshall, C. J., Day, Allen and Kinkade, JJ., concur.
Matthias, J., not participating.