Marshall, C. J.,
concurring. I concur in the conclusions reached in this case, as expressed in the journal entry, and as reasons for my concurrence state that the second defense of the answer shows that the commission is still retaining the claim and thereby recognizing its jurisdiction to determine the amount of disability and compensation. The way is still open to relator to present further evidence of his disability and also further evidence to show that the disability is due to an accident sustained in the course of his employment. If relator’s complaint is that the commission does not definitely and finally pass upon his claim and thereby lay the foundation for rehearing and ultimate appeal, it seems to me that he has mistaken his remedy, and that what he should invoke is the jurisdiction of this court for a writ of procedendo to compel the commission to enter a final order in the case. It would seem, however, that even this course should not be necessary, in view of the commission’s insistence that it stands ready to receive further evidence, and there is no apparent disposition to refuse to make final disposition.
In the argument of this case, it is claimed that it presents a parallel situation to that which the court heard and decided in State, ex rel. Araca, v. Industrial Commission, 125 Ohio St., 426, 181 N. E., 870, decided June 15, 1932. I am of the opinion that there is a very material distinction between the two cases. In the Araca case the commission was protesting that it was retaining jurisdiction and awaiting the presentation of further evidence. The petition in that case prayed the writ of mandamus to compel the commission to grant a rehearing, on the theory that the order made by the commission was a final order denying *41 jurisdiction. The petition alleged at length evidence that relator had suffered permanent partial loss of vision in both eyes, and that the loss of vision was related to the original injury. The answer of the commission admitted that all the jurisdictional facts were found in favor of Araca, and found that it had authority to inquire into the extent of disability, and that it had done so and had paid compensation up to a certain date in an amount named. This compensation was paid for temporary disability only. Thereafter relator filed application for further compensation under the continuing jurisdiction of the commission, and in response to this further claim the evidence before the commission, as shown by the petition and not denied by the answer, showed that he had sustained permanent partial loss of vision. The commission therefore found itself in the situation of protesting that it was entertaining jurisdiction, while it was in fact refusing further compensation on the theory that the permanent partial loss of vision was not due to the accident sustained. Under these circumstances this court reached the conclusion that the protestations of the commission were not borne out by its own record, and therefore awarded the mandamus. Certain members of the bar and certain employers throughout the state apparently had believed that the Araca case was inconsistent with the case of State, ex rel. Butram, v. Industrial Commission, 124 Ohio St., 589, 180 N. E., 61, and that, as a result of the pronouncement in the Araca case, appeals must necessarily be allowed in all cases. It is difficult to see any basis for this misapprehension, because the opinion in the Araca ease quotes the syllabus of the Butram case with approval.
Stephenson, J., concurs in the foregoing concurring opinion.