Matthias, J.
This is an original action in this court. *435 The relator, Joseph Cezkovsky, seeks a writ commanding the Industrial Commission of Ohio to grant him a rehearing of his claim for compensation from the workmen’s compensation fund. Issue was heretofore presented by demurrer to the answer, which was overruled. State, ex rel. Cezkovsky, v. Industrial Commission, ante, 39, 183 N. E., 865. Thereafter a reply was filed and the case was submitted upon its merits. There is no controversy as to the facts.
The relator sustained an injury while in the course of his employment with a company which had complied with the provisions of the Workmen’s Compensation Law. The injury occurred July 8,1929. He was disabled less than a week, and within that period returned to his work and continued in that employment until February 17, 1930, when he again became disabled. On August 17, 1929, he filed an application for compensation which claim was recognized by the commission and his medical bills were paid. The commission found the jurisdictional facts necessary to warrant inquiry into the extent of disability and the amount of compensation, but its award was limited to medical expenses by reason of the limited period of disability. On May 25, 1931, the relator filed a further application for compensation, based upon the injury of July 8, 1929, his claim being that tuberculosis of the lungs had developed as a result of such injury and that he had been disabled by reason thereof since February 17, 1930.
This application was considered upon certain affidavits and a statement of relator’s physician, and thereafter notice was given that disability from the injury sustained having continued less than seven days could not be compensated. Thereupon an application for rehearing was filed. The commission in an order issued stated that it had recognized the claim and had “retained jurisdiction of the claim for such further consideration as future developments require when *436 ever substantial facts are appropriately presented,” and dismissed the application for rehearing.
This suit is based upon a claimed violation of relator’s rights under Section 1465-90, General Code. That section requires the allowance of a rehearing of a claim for compensation if the commission finds it is without jurisdiction, and bases its denial of the right of the claimant to receive compensation or to continue to receive compensation upon that ground. The mere denial of further compensation does not give rise to the right of a rehearing, or of maintaining an action in mandamus to compel it, if refused by the commission. If it be found by the commission that the disability originally manifested or the disability subsequently developed, was not the result of the injury sustained, and compensation is denied for such reason, a rehearing must be allowed. This procedure is provided by statute in terms that should be no longer open to question or doubt. It was clearly set out and applied in the cases of Industrial Commission v. Phillips, 114 Ohio St., 607, 151 N. E., 769, State, ex rel. Butram, v. Industrial Commission, 124 Ohio St., 589, 180 N. E., 61, and in the opinion on demurrer in this case, ante, 39, 183 N. E., 865. The second paragraph of the syllabus in the Araca case, 125 Ohio St., 426, 181 N. E., 870, is in accord therewith when construed with reference to the facts upon which it is predicated, as it should be under the rule announced in the case of Baltimore & Ohio Rd. Co. v. Baillie, 112 Ohio St., 567, 148 N. E., 233.
The action of the commission in the instant case, wherein it asked claimant to present evidence to sustain his claim of subsequently developed disability, was equivalent to an assumption of jurisdiction of the claim, if it had not expressly done so before. Its previous indication that compensation could not be paid because of the limited period of disability was by it disregarded. If upon hearing the commission denies *437 the further compensation now claimed, upon the ground that it did not arise from the injury in question, its finding would not be final and the claimant would be entitled to a rehearing under the provisions of Section 1465-90, General Code.
For the reasons stated the application for mandamus is refused.

Writ denied.

Weygandt, C. J., Day, Allen, Stephenson and Jones, JJ., concur.
Kinkade, J., not participating.