By the Court.
Relator asks for a writ of mandamus to compel the Industrial Commission of Ohio to award Mm compensation for the loss of total vision in Ms left eye by reason of the removal of same as a result of an injury suffered by Mm in the course of Ms employment by The American Stove Company.
The relator had made application for compensation to the Industrial Commission of Ohio, which was denied. Thereafter he filed his petition in the Court of Common Pleas, which court made a finding that the relator was entitled to participate in the Workmen’s Compensation Fund. Pursuant to the finding in the Court of Common Pleas the Industrial Commission determined the extent of the injury, ordered payment of medical and hospital bills, awarded to relator temporary total compensation in the sum of $47.02 as full payment for all compensation to him, and later dismissed relator’s application to modify such award.
The relator claims that instead of merely temporary total compensation, as awarded, he is entitled to be compensated for the loss of the sight of his left eye, as provided in the schedule in Section 1465-80, General Code.
The agreed statement of facts filed in this cause *600 reveals that the matter in dispute relates to the extent of the injury suffered while in the course of his employment by . The American Stove Company. It is not the function of the Court of Common Pleas to determine the extent of the disability or the amount of the compensation to be paid. That is the function of the Industrial Commission. State, ex rel. Kauffman, v. Industrial Commission, 121 Ohio St., 472, 169 N. E., 572.
Relator relies on the decision in the case of State, ex rel. Schindler, v. Industrial Commission, 126 Ohio St., 34, 183 N. E., 871. That case is readily distinguished from the cause now before this court. The statute which applied in the Schindler case, Section 1465-80, General Code (110 Ohio Laws, 225), has been amended. The schedule in the section previous to amendment provided for payment for the loss of an eye. The schedule in the amended section reads as follows: “For the loss of the sight of an -eye, 66 2/3% of the average weekly wages during one hundred twenty-five weeks.” (Italics ours.)
The question in the instant case is the extent of the loss of vision. Paragraph 14 of the agreed statement of facts reveals that in 1927 the relator was in the employ of The Cleveland Electric Illuminating Company, and that in August of that year he received an injury to his left eye in the course of his employment and was paid compensation for a period of temporary total disability at that time: Other parts of the agreed statement of facts concern the extent of vision while in the employ of The American Stove Company. The evidence is at variance whether relator had any remaining vision in his left eye at the time of entering the employment of The American Stove Company. From the evidence set forth in the agreed statement of facts, we do not find any abuse of discretion by the Industrial Commission. Relator had an adequate remedy at law of which he availed himself. This court has repeatedly ruled on this subject in the following cases: *601 State, ex rel. Butram, v. Industrial Commission, 124 Ohio St., 589, 180 N. E., 61; State, ex rel. Depalo, v. Industrial Commission, 128 Ohio St., 410, 191 N. E., 691; State, ex rel. Pyles, v. Industrial Commission, 132 Ohio St., 384, 7 N. E. (2d), 800; State, ex rel. Hudsiecko, v. Industrial Commission, 132 Ohio St., 444, 8 N. E. (2d), 562.

Writ denied.

Weygandt, C. J., Matthias, Zimmerman, Williams, Myers and Gorman, JJ., concur.