The record in this case is quite voluminous. It discloses that relator has filed a number of formal applications, resulting in at least 25 formal orders. There are numerous medical reports and conclusions in the files, all of which we have carefully examined.
On January 13, 1929, relator sustained the injury referred to in his petition, and his claim in respect thereof was recognized as compensable and compensation at the rate fixed by respondent is still being paid.
On August 1, 1929, relator made a claim for compensation on account of hernia, which claim was disallowed by respondent on October 24, 1929. Relator did not file an application for rehearing from the order disallowing the hernia claim.
Respondent contends that the present action is an attempt to obtain an appeal from the order of October 24, 1929, upon which no rehearing was had. While relator strenuously denies this, yet a review of the record leads us to the conclusion that the only practical effect of the allowance of a writ herein, even if otherwise proper, would be to do no more than to make possible a reconsideration of the August 1, 1929 claim, in which no compensation ever has been awarded.
The claims for all impairment of earning power, other than that flowing from hernia and disease unconnected with the claim of January 13, 1929, have been recognized by respondent. Not only has respondent's changing membership over the years treated relator's *Page 74 
claim consistently, but, early in 1938, the whole matter was referred to respondent's Dayton board, where an application for modification was dismissed.
While relator's petition and opening brief seem to be predicated upon an abuse of discretion, yet counsel for relator, in his oral argument and reply brief, disclaimed that relator's cause of action is based upon an abuse of discretion.
Relator plants his claim for relief upon the following provision of Section 1465-90, General Code: "The commission shall definitely and specifically pass upon each and every issue raised in the claim, necessary for a proper and complete decision thereon." We agree with relator that this is a mandatory duty, but we have been unable to find wherein the respondent has failed to comply therewith. All that we can find in dispute is the amount of the weekly award. True, the respondent has not taken into consideration any impairment of earning power resulting from the hernia, but that matter was closed when relator failed to apply for a rehearing. As relator has failed to establish a new earnings record, it can hardly be claimed that the respondent has acted arbitrarily in fixing the amount of compensation to be allowed on account of the injury of January 13, 1929.
Relator quotes the following portion of Section 1465-90, General Code: "* * * if the order of the Industrial Commission is not definite in such regards, the claimant may maintain an action in mandamus against the commission in the Supreme Court of Ohio * * *." (Italics ours.) The sentence reads as follows: "If the order of the commission does not state the ground or grounds on which the claim was denied, or if the order of the Industrial Commission is not definite in such regards, the claimant may maintain an action in mandamus against the commission in the Supreme Court of Ohio, * * *." (Italics ours.) The only claim which *Page 75 
the record discloses as having been denied is the one on account of hernia, and for which no rehearing was had.
Following the constitutional authorization to pass laws establishing a state fund to be administered by a board authorized to determine all rights of claimants thereto (Section 35, Article II, Constitution of Ohio), the Legislature has provided by statute (Section 1465-90, General Code) that the Industrial Commission (respondent) shall have full power and authority to determine all questions within its jurisdiction, which shall be final, except as provided in Section 1465-90, General Code.
In the case of State, ex rel. Butram, v. IndustrialCommission, 124 Ohio St. 589, 180 N.E. 61, this court held, in the second paragraph of the syllabus: "By virtue of Section 1465-90, General Code, the industrial commission must in the first instance determine whether it has jurisdiction of a claim, and if this question is resolved in the affirmative its further action is a process of fact finding and its judgment is final. In the exercise of that jurisdiction its function is to determine the extent of the disability and the amount of compensation. There is no appeal from that determination and therefore mandamus does not lie to compel the commission to grant a rehearing."
Under the provisions of Section 1465-86, General Code, the powers and jurisdiction of the commission over each case are continuing, and it may from time to time make such modification or change with respect to former findings or orders as in its opinion may be justified. Provided, however, that no such modification or change, or any finding or award in respect of any claim, shall be made with respect to disability, compensation, dependency or benefits subsequent to ten years after the injury in a case in which no compensation has ever been awarded. Under this section, respondent is without power to allow any compensation for injuries or impairment of earning power resulting *Page 76 
from the hernia claim, which was disallowed on October 24, 1929. Hence, the allowance of the writ, if otherwise proper, would be futile.
We are unable to find any clear legal duty resting upon respondent which respondent has failed to discharge.
Therefore, the writ is denied and the petition dismissed at the costs of relator.
Writ denied and petition dismissed.
WEYGANDT, C.J., WILLIAMS, MATTHIAS, HART, ZIMMERMAN and BETTMAN, JJ., concur.