## STATE ex RANKIN v INDUSTTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 3101. Decided April 5, 1941

C. L. Hawthorne, Steubenville, and David S. Craig, Columbus, for relator.

Thomas J. Herbert, Attorney General, Columbus; E. P. Felker, Asst. Atty. Gen., Columbus, for respondent.

### OPINION

By GEIGER, PJ.

This is an original action in mandamus. After stating the parties the relator recites that on the 1st of October, 1925, while in the usual course of his employment for a coal company, and while working with timbers at the bottom of a shaft he sustained a crushing injury to his left side, back and also sustained internal injuries; that as a direct result he has been left in a permanently crippled condition and is unable to work as a direct result of such injury.

He further states that he filed with the Industrial Commission his application for compensation and his claim was allowed and compensation granted for temporary total disability to the 15th of December, 1925; that he duly filed with the Commission his application for further compensation, the last application for such being a motion for modification of award and proof in support thereof, filed on December 14, 1935; that the Industrial Commission duly considered said application and on December 15, 1936, made an order to the effect "that the Commission finds from proof of record in this claim as follows: Proof does not show a new and changed condition of claimant resulting from injury received on October 1st, 1925, occurring since original award herein; that the Commission has rightfully assumed jurisdiction in this case; that claimant has been adequately compensated for any disability he may have suffered as a result of injury sustained."

Relator states that this was a final order denying him the right to continue to participate in the fund on a ground going to the basis of his right; that said order of the Commission was made after the medical examination by examiners, who recommended that

claimant be referred to the rehabilitation department for its consideration.

Relator further states that within thirty days from said disallowance he filed with the Commission his application for reconsideration, the same being filed on January 19, 1937; that the Commission thereupon dismissed the application for reconsideration and failed to grant to the relator a right to have the case set down for the taking of testimony as provided by §1465-90.

He further states that he has requested the Commission to grant him the privilege of taking testimony as provided by said section and the Commission has refused to do so.

He states that the Commission has refused to consider his application on the merits on the ground that they have denied his claim on a jurisdictional ground and that no application for rehearing was filed on Form C-103; that he has no adequate remedy at law to compel the Commission to grant him a rehearing and to set the case down for the taking of testimony. He prays for a writ of mandamus commanding the Commission to consider his application for reconsideration as an application for rehearing under the provision of §1465-90, and that the Commission be ordered to set his case for testimony before a referee.

The Commission answered setting up three defenses:

FIRST DEFENSE:

After making certain admissions of the facts as alleged by the plaintiff, it denies all others and further states:
1. That the date of the injury was October 1st, 1925; and that respondent allowed the said claim and paid the relator compensation for temporary total disability to December 13, 1925.
2. That on May 4, 1926, respondent denied relator further compensation.
3. That on September 9, 1926, relator filed his application for modification and on November 16, 1926, respondent dismissed said application and on December 10, 1926, relator filed his application for rehearing; that on March 15, 1927, respondent considered said application as an application for modification and referred the same to the medical department; that on April 15, 1927, an examination was made by the medical department resulting in a negative finding as shown by the report of April 20, 1927; that upon recommendation of the medical department the relator was examined by a specialist who found no disability; that on June 30, 1927, the Commission entered an order to the effect that the claimant had been fully compensated and continued the case, and on July 19th, 1927, entered an order reaffirming the order of June 30th; that on August 16, 1927, relator filed his application for rehearing which was considered as an application for modification and dismissal, and the Commission reaffirmed its order of June 30th; that on various other dates relator filed applications for modification, which applications were by the Commission dismissed on the ground that the claimant had been adequately compensated.

The respondent further states that during the period between the date of the accident in 1925 and the present time the relator was engaged in filing a series of applications and further soliciting aid of various officials to secure the allowance of his claim, the claimant being represented by various counsel.

SECOND DEFENSE:

As a second defense it is asserted that the last date on which the compensation was paid was December 13, 1925; that the last application for modification which is under consideration was filed December 14, 1935, ten years and two days after the date of such payment of compensation, and that by the terms of §1465-86 the Commission has no jurisdiction to entertain the application for modification or to make any change of the award.

THIRD DEFENSE:

As a third defense it is asserted that the respondent had found that the application of February 16, 1938, for rehearing was not filed within the period fixed by the statute, within thirty days from the date of the receipt of the notice of the order dismissing the application; that said finding is a final order not subject to appeal and that there is no abuse of discretion on the part of the Commission.

To this answer the relator filed an amended reply stating that on December 22. 1936, he received notice of denial of his application filed on December 14, 1935. and that he filed his application for rehearing or reconsideration on January 19, 1937; that medical bills were paid in connection with the relator's claim in various amounts extending from May 4, 1926, to December 24, 1936; that although he was paid compensation to December 13, 1925, the last payment was not paid until December 15, 1925; that he received a notice of disallowance filed December 14, 1935, and on December 22, 1936, and on January 19, 1937, he filed his application for reconsideration or rehearing.

This case is so presented by counsel for each side as to make it rather difficut to clearly trace what must ultimately be considered as the controlling principles.

This is an action in mandamus. under the provisions of §12283 et seq., in which relator prays that a writ issue commanding that the Commission consider his application as an application for rehearing under §1469-90, and that the Commission be ordered to set his case down for the taking of testimony before a referee as provided by such. section.

Mandamus will issue only when a clear right thereto appears. The writ may require an inferior tribunal to exercise its judgment or proceed to discharge any of its functions, but it can not control judicial discretion and can not be invoked to correct error, and may not issue where its employment does not give a full and complete remedy, or where there is a plain and adequate remedy in the ordinary course of law. **State ex Phelps, 104 Oh St 422.**

Sec. 1465-86 provides that the jurisdiction of the Board over each case shall be continuing, and it may from time to time make such modifications or change with respect to former orders as in its opinion may be justified, provided that no modification or change in respect to any claim shall be made with respect to disability, compensation or benefits after ten years from the last payment theretofore made, of compensation awarded on account of injury or death.

Sec. 1465-90 defines the power of the Commission to hear and determine questions, and provides for appeal in certain cases only.

The section provides that the Commission shall have power to determine all questions within its jurisdiction, and its decision thereon, including the extent of disability and the amount of compensation to be paid in each claim, **shall be final.** In all claims for compensation, if the Commission **finds that it has no jurisdiction of the claim and has no authority to inquire into the extent of disability or the amount of compensation** and denies the right of the claimant to receive compensation or to receive compensation **for such reason,** then the claimant may, within thirty days after **the receipt of notice** of such finding file an application for a rehearing, whereupon the former action thereon shall be vacated and the Commission shall fix a date for rehearing. Such hearing shall be had and the evidence for and against the allowance of the claim submitted. If the Commission after such hearing **finds that it has no jurisdiction of the claim** and no authority to inquire into the extent of disability or the amount of compensation, then the claimant, within thirty days **after receipt of notice** may file a petition in Common Pleas Court and the Commission shall certify to such court a transcript of

the record of such rehearing from which the court or jury shall determine the right of the claimant to participate or deny to participate in such fund. If the finding of the court or the verdict of the jury is in favor of the claimant's **right to participate** in such fund, the court shall certify such finding to the Commission which shall thereupon order compensation to be paid. The provisions of the section just referred to were in force at the time of the beginning of this action, but since that time the section has been amended by which the matters which permit an appeal have been more definitely stated. The present effective section provides that the Commission shall have full power to determine all questions within its jurisdiction and its decisions thereon shall be final. The Commission shall definitely pass upon every issue raised. In all claims for compensation if the Commission denies the right of a claimant to receive compensation or to continue to receive compensation, the Commission shall state the grounds on which the claim was denied, and if the claim was denied on any of the grounds stated in the statute, then the claimant may, within thirty days after the receipt of notice of such findings, file an application for rehearing, whereupon the former action shall be vacated. If the order of the Commission does not state the grounds on which the claim was denied, or if the same is not definite, the claimant may maintain an action in mandamus in the Supreme Court. If the Commission, after the hearing, denies the right of the claimant it shall state the grounds on which the claim was denied **and if the claim was denied on any of the grounds specifically stated,** then the claimant, within sixty days may file a petition in the Common Pleas Court of the county, after making timely application for rehearing, and thereafter the proceeding is practically the same as in the statute before the amendment.

The relator, after describing his injuries, states that he filed with the Commission his application which was allowed and compensation granted for temporary total disability to the 15th of December, 1925. He states that he filed his application for further compensation. The last, being a motion for modification of award and proof in support thereof, was filed on December 15, 1935: that the Commission duly considered the application and on December 15, 1936, found that proof does not show a new and changed condition of the claimant resulting from injury received October 1st, 1925, occurring since original award; "that the Commission has rightfully assumed jurisdiction in this case; that claimant has been adequately compensated for any disability he may have suffered as a result of the injury sustained." The net result of this is that for a period of ten years after the first payment the Commission has had the continuing control over the award of any compensation; that it has full power to determine all questions within its jurisdiction and its decision thereon, including the extent of disability and the amount of compensation, is final; that only in the event that it finds that it has no jurisdiction of the claim and no authority to inquire into the extent of the compensation, and denies the right of the claimant to receive compensation **for such reason,** the claimant may proceed within thirty days to file an application for rehearing, after which the preliminaries necessary to perfect the appeal shall be taken as provided by the statute. It will thus be seen that in certain matters, among which are the granting and continuing of the compensation and the fixing of the amount, the Commission has exclusive, continuing jurisdiction, and upon each application for modification the former order shall be vacated. It does not appear that the claimant is limited in any way to file applications for modifications or for rehearings as often as he may wish, provided, however, that no modification of any finding shall be made after ten years from the last payment awarded on account of the injury or death. The action of the Commission upon these applications is final, and there is no appeal

from such finding except when the denial is made on account of the specified finding as to lack of jurisdiction, etc.

In the case at bar there does not seem to be any claim made by the relator for compensation for any other than the original injury. It is true that it is designated in his various applications in somewhat different terms, but it is essentially a claim for compensation for the original injury in which no claim is asserted that there has been an acceleration of any prior injury. Upon these several application, (whether they be for modification or for rehearing is of no particular consequence) the Commission has re-investigated the claim of the relator with repeated medical examinations, but on each occasion the Commission has restated, in varying language, that it has assumed jurisdiction of the case; that proof does not show a new and changed condition, and that the claimant has been adequately compensated for any disability he may have suffered as a result of the injury sustained. It, therefore, appears that whatever the Commission did and whatever conclusion it arrived at, it was acting within exclusive statutory authority and that determination of those questions was final.

In the case of **State ex Smith v Commission,** decided by the Supreme Court of Ohio on March 19, 1941, **138 Oh St 70,** (Bar Association Report, March 24, 1941), there is much of interest. The case being so newly decided we will not discuss it in detail, of course recognizing the fact that it does not definitely pass upon the issues made in this case. It refers with commendation to the case of **Butram v Industrial Commission, 124 Oh St 589,** where it is held in the 2nd syllabus:

"By virtue of §§1465-90 GC, the Commission must in the first instance determine whether it has jurisdiction of a claim, and if this question is resolved in the affirmative its further action is a process of fact-finding and its judgment is final. In the exercise of that jurisdiction its function is to determine the extent of the disability and the

amount of compensation. There is no appeal from that determination and therefore mandamus does not lie to compel the Commission to grant a rehearing."

This case seems to us to be of weight in determining the case at bar.

**State ex Griffey v Commission, 125 Oh St 27,** holds that the continuing jurisdiction of the Commission under authority of §1465-86 applies only to new and changed conditions occurring after the original award, and that an application for modification of an award can be made at any time upon a showing of new and changed conditions after the original award.

In **Metal Specialty Co. v Gregory et, 128 Oh St 452,** the Commission took jurisdiction of a claim and awarded compensation up to a definite date. Upon further application for additional compensation for continuing consequences of the same injury, the Commission found that "the claimant has been fully compensated for the disability resulting from the injury". Such finding was not a finding that the Commission had no further jurisdiction of the claim, but was a determination of the extent of the disability and the amount of compensation to be paid under the Code. The continuing jurisdiction is not divested by the denial or the dismissal of an application denominated "Application for Rehearing". The Court states, p. 455:

"Having properly assumed jurisdiction of the case the Commission had authority to determine 'the extent of disability and amount of compensation to be paid'.

That is exactly what it did. In the exercise of this jurisdiction it is 'final'; i. e., so long as it acts reasonably and in good faith, its action is not subject to reversal or modification by another tribunal. It may, however, under the terms of §1465-86 GC, itself modify or change such findings upon proof of new or changed conditions within the period of limitation. Pursuant to this authority it has continued to entertain

the claimant's applications for further compensation. * * *"

**State ex Gerard v Commission, 128 Oh St 558,** was an original action for a writ of mandamus to require the Commission to grant the relator a hearing upon an application for rehearing of his claim for compensation. The court held that there was no denial of compensation upon jurisdictional grounds. but on the contrary the Commission found all jurisdictional facts in favor of relator. Having assumed jurisdiction the Commission found the disability suffered was due to the injury and determined the extent of disability and the impairment of capacity. The Commission has "full power and authority to hear and determine all questions within its jurisdiction and its decision thereon, including the extent of disability and the amount of compensation to be paid, in each claim shall be final." The court states that it has been announced in numerous decisions that under §1465-90 a claimant is entitled to a rehearing only when the Commission bases its denial of the right of claimant to receive compensation or to continue to receive compensation upon its finding that the Commission has no jurisdiction of the claim.

In **Noggle v Commission, 129 Oh St 495,** it is held that when the Commission assumes jurisdiction of a disability claim, finds that claimant's disability is but partial, and upon such finding denies compensation for total disability, such denial is not made upon "a ground going to the basis of the claimant's right," and is not subject to appeal under the provisions of §1465-90.

"When the Commission concedes or finds all facts in claimant's favor necessary to give it jurisdiction and actually assumes jurisdiction, §1465-90 endows the Commission with full power and authority to hear and determine all questions within its jurisdiction and its decision thereon shall be final. A finding or determination of the extent of disability is the determination of a question within the Commission's jurisdiction, and from such determination there is no appeal." The Commission has continuing jurisdiction to modify or change its former findings as in its opinion may be justified. See cases cited on page 503, et seq.

See also **State ex Kauffman v Commission, 121 Oh St 472; State ex Fortner v Commission, 127 Oh St 289; Kaiser v Commission, 136 Oh St 440; New Pittsburgh Coal Co. v Stillwagner, 47 Oh Ap 189.**

Much of the argument of counsel is devoted to the question as to whether or not the application was made within the period of ten years after the final payment. This discussion involves the question as to when a check mailed by the Commission in payment of a claim under Workmen's Compensation Act is in fact paid to the claimant. We do not find this matter of sufficient importance, nor the law definitely enough established to justify us in endeavoring to solve the question.

There is also a question as to limitation of thirty days as to whether it should be measured by the time the notice was placed in the mail or is received by the workman. It is unfortunate that the time margin is so narrow as to possibly make the difference as to the running of the statute determined by the solution of the question as to whether the notice is given at the time it is mailed or whether the last payment is made at the time the check is mailed, or received by the claimant or cashed by him. But each of these matters, we feel, in view of our determination of the major question, is of slight importance and we do not assume to determine just when the thirty day and ten year statute begins to run as disclosed by the facts in this case.

Our conclusion is that under the statute the Commission, having taken jurisdiction of this particular case and having continuously for over more than ten years heard and re-heard the application of the claimant for a modification of his

award, that the determination of the Commission as to the extent and continuance of his injury and the amount of the award is entirely within the jurisdiction of the Commission and there is no appeal from its finding and therefore it would be idle to compel by a writ of mandamus the Commission to again answer the question that it has so frequently answered, namely, the amount of compensation to which the workman is entitled. The Commission having exclusive jurisdiction in this matter, and having assumed the burden that was cast upon it by the original application for compensation, we see nothing to be gained by the issuing of a writ.

Much has been made about the abuse of discretion which would give the court jurisdiction to compel the Commission to proceed to hear the application for modification. We find no evidence of this upon the record. It would appear so far as the record goes that the Commission was diligent in affording to the workman all the protection that the statute afforded him, but it further appears that after repeated examination the Commission repeatedly determined that he had already been compensated sufficiently for the injury he suffered. This was a matter wholly within the discretion and judgment of the Commission and this Court does not feel that enough has been presented to justify the use of the unusual writ of mandamus to compel the Commission to do that which it has repeatedly done. We can not control its judgment or discretion nor review its action without a showing of abuse of discretion.

Writ denied.

BARNES and HORNBECK, JJ., concur.