Hart, J.
The relator bases his claim for relief solely on the ground that the Industrial Commission which is respondent here, in its consideration of his c]aim for compensation, abused its discretion in .failing to follow the recommendation of its inspector in fixing the average weekly wage at $21.60. Por that reason he claims to be entitled to a peremptory writ requiring the commission to fix such average weekly wage at $21.60 instead of $14.28.
The relator, to be entitled to the writ, must show that he has a clear legal right to have his average weekly wage fixed at $21.60, and that the respondent has refused to fix it in that amount.
The matter of average weekly wage, in connection with any claim for compensation under the Workmen’s Compensation Act, must be determined from the proof before the commission on this subject. The record in this case discloses that the commission had before it not only the relator’s wage record furnished and per-. titled by the employer, which record the relator claims was fraudulent, but the report and recommendation of several of its officials, including the manager of the branch office of the commission at Canton, Ohio, who, from time to time, had made independent investiga *642 tions and reports on this subject. These reports show separate recommendations of $5.62, $17.23, $16.85 and $21.60, as being relator’s average weekly wage at the time of his injury. The commission, as a matter of law, was not-bound to adopt the recommendation of any of its several investigators or official representatives as to relator’s weekly wage. This was a matter to be determined under Section 1465-84, General Code, in the light of all the evidence before the commission on that subject. State, ex rel. Kildow, v. Industrial Commission, 128 Ohio St., 573, 192 N. E., 873; State, ex rel. Treat, v. Industrial Commission, 135 Ohio St., 524, 21 N. E. (2d), 461.
The prayer of the relator to have this court command the Industrial Commission to adopt the recommendation of its inspector with reference to the average weekly wage of the relator as a basis for the determination of his compensation is a bold request, and in substance is asking this court to compel the commission to adopt the judgment of one of its inspectors for that of the commission on a matter concerning which it alone has jurisdiction and power to determine. This court will not usurp the function of the commission in a field which belongs legally and exclusively to it. Only when it is clearly shown that the commission has grossly abused its discretion, has this, court any authority to interfere. State, ex rel. Coen, v. Industrial Commission, 126 Ohio St., 550, 186 N. E., 398; State, ex rel. Butram, v. Industrial Commission, 124 Ohio St., 589, 180 N. E., 61.
No such abuse of discretion is shown by - this record and the court finds that the order of the commission as to the relator’s average weekly wage at the time of his injury was not unreasonable and unlawful.
It appears from the record in this case that the commission admits that it was in error in its original order as to the date from which the readjustment of compensation on the basis of the readjusted average *643 weekly wage should date. The claim of the relator in this regard has been conceded and an order has been ■ entered. The commission also conceded the claim of the relator as to readjustment of attorney’s fees.
The writ will therefore issue in favor of the relator to require the adjustment of attorney fees, but will be denied as to the prayer to require the commission to .fix the average weekly wage of the relator at $21.60.

Judgment, accordingly.

Weygandt, G. J., Matthias, Zimmerman, Bell and Turner, JJ., concur.
Williams, J., not participating.