[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 344.]

THE STATE EX REL. DANIS INDUSTRIES CORPORATION, APPELLANT, *v.* BETZNER ET AL., APPELLEES.

[Cite as *State ex rel. Danis Industries Corp. v. Betzner*, 1996-Ohio-128.]

*Workers' compensation—Application for determination of permanent partial disability—Extensive burns to forty percent of claimant's body—Industrial Commission's award of fifty percent permanent partial disability not an award for facial and head disfigurement when disfigurement sustained by claimant extends beyond his face and head region—Industrial Commission's decision not disturbed by Supreme Court when supported by some evidence in the record.*

(No. 94-974—Submitted October 10, 1995—Decided January 17, 1996.)

APPEAL from the Court of Appeals for Franklin County No. 93APD05-694.

————————————

{¶ 1} Appellee-claimant, Timothy J. Betzner, a cement mason for appellant, Danis Industries Corporation, was seriously injured on July 28, 1987 when a piece of equipment he was using came in contact with high tension electrical wires. Claimant received an electrical shock of 70,000 volts and was knocked unconscious. As a result of this industrial accident, claimant sustained extensive burns to forty percent of his body and was hospitalized for sixty-two days. The skin grafts claimant received caused scarring and multiple skin contractures. As a result, claimant's right arm is two and one half inches shorter than his left arm and he has limited range of motion.

{¶ 2} Claimant filed an application for determination of the percentage of permanent partial disability on July 19, 1991. He alleged that he was unable to fully extend his right arm and due to the loss of sweat glands could not work in extreme heat or direct sunlight. To help determine the percentage of disability, the

commission received medical reports from four physicians. Three of the four physicians agreed that claimant sustained a fifty percent permanent partial impairment of his whole body, with ten percent of his impairment referred to as a "permanent partial impairment" and the remaining forty percent as a "disfigurement impairment."[1] The fourth physician, Dr. Steven S. Wunder, who examined claimant at appellant's request, felt that claimant's total impairment was fifteen percent.

{¶ 3} On April 7, 1992, the administrator issued a tentative order allowing a claim for "electrical shock, multiple burns to face, back, left shoulder, right ear, arm and shoulder." Under the tentative order, claimant was found to have a permanent partial disability of fifty percent. Appellant filed an objection to the tentative order, which was denied by a district hearing officer. An application for reconsideration was also denied by the Industrial Commission.

{¶ 4} Appellant then filed a complaint for a writ of mandamus in the Franklin County Court of Appeals challenging the forty percent portion of the award which was referred to as a "disfigurement impairment." Appellant alleged that this portion of the award was made pursuant to R.C. 4123.57(B) for serious facial or head disfigurement and that the Industrial Commission abused its discretion in compensating claimant for serious facial or head disfigurement where there was no evidence to support this award. Appellant further alleged that the commission's disfigurement award exceeds the statutory limit of five thousand dollars.[2] The matter was submitted to a referee, who ruled that the forty percent

1. Claimant's attending physician, Dr. Allen Ferguson, Jr., simply agreed with Dr. Eugene T. Conte's opinion of fifty percent impairment, but did not mention the term "disfigurement impairment" in his report.

2. Pursuant to R.C. 4123.57(B), the Industrial Commission may award a claimant up to five thousand dollars for serious facial or head disfigurement which impairs or may in the future impair the opportunities to secure or to retain employment. In this case, claimant's award exceeds five thousand dollars.

portion of the award was not attributable to facial or head disfigurement but was instead made pursuant to R.C. 4123.57(A). The court of appeals adopted the referee's findings of fact and conclusions of law and consequently denied the writ.

{¶ 5} The cause is before this court upon an appeal as of right.

————————————

*Chernesky, Heyman & Kress, Brad A. Chalker* and *Karen R. Adams*, for appellant.

*Lee M. Smith & Associates* and *Elizabeth P. Weeden,* for appellee Timothy J. Betzner.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

————————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 6} At issue in this case is whether forty percent of the award to claimant was part of the total award for permanent partial disability, as determined by the Industrial Commission, or was an award for facial and head disfigurement, as appellant contends. Since the Industrial Commission's decision is supported by some evidence in the record, we reject appellant's argument that claimant was compensated for facial and head disfigurement and affirm the judgment of the court of appeals.

{¶ 7} The computation of claimant's award of fifty percent permanent partial disability is supported by three of the four medical reports contained in the record. Nevertheless, appellant challenges that portion of the award (forty percent) which was characterized in some of the medical reports as a "disfigurement impairment." Appellant presumes that since the term "disfigurement impairment" was used, the claimant was, in essence, being compensated pursuant to R.C. 4123.57(B) for serious facial or head disfigurement.

**{¶ 8}** The evidence in the record fails to support appellant's position. In fact, the disfigurement sustained by the claimant extends beyond his face and head region and is estimated to cover forty percent of his body. Thus, the medical reports that refer to "disfigurement" do not simply focus on disfigurement to claimant's face and head but instead recognize more extensive scarring to his whole body as well as the physical limitations which result from the scarring and skin contractures. For instance, Dr. Conte notes that claimant has scarring on the right side of his body with contraction and limitation of movement in his right arm and that claimant will need ongoing therapy to prevent joint contractures and possible future release surgeries. Likewise, Dr. Clarence J. Louis, a commission specialist, notes that claimant has generalized scarring of his body and recommends ongoing therapy to prevent contractures.

**{¶ 9}** We do not believe that the Industrial Commission abused its discretion in granting claimant a fifty percent permanent disability award. The claimant was not merely compensated for facial or head disfigurement. As the court of appeals referee notes, "the permanent partial disability award was not made for head disfigurement and scarring *per se* but rather was awarded to compensate for the physical dysfunctions noted in the medical evidence which resulted from scarring and disfigurement due to claimant's injuries." Therefore, since the commission's decision is supported by some evidence in the record, this court will not disturb those findings. *State ex rel. Milburn v. Indus. Comm.* (1986), 26 Ohio St.3d 119, 26 OBR 102, 498 N.E.2d 440. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT AND COOK, JJ., dissent.

————————————

**WRIGHT, J., dissenting.**

4

{¶ 10} This court today upholds a determination by the Industrial Commission of a fifty percent permanent partial disability that is in large part attributable to a disfigurement. Such a determination is contrary to statutory law (see R.C. 4123.57 [B]) and long-standing case law. Therefore, I respectfully dissent.

{¶ 11} Not all disfigurements caused by industrial accidents are compensable. *State ex rel. Butram v. Indus. Comm.* (1932), 124 Ohio St. 589, 180 N.E. 61, paragraph one of the syllabus. The court held that *only* those disfigurements that affect the face or head, which are serious, and which impair the disfigured person's ability to secure or retain employment are compensable. *Id.* That holding is now codified as part of R.C. 4123.57 (B). Betzner has not applied for an award under R.C. 4123.57 (B), which is the exclusive section of R.C. Chapter 4123 that allows compensation for disfigurement. The disfigurement suffered by Betzner, grievous as it is, is not compensable as a percentage of permanent partial disability.

{¶ 12} The issue here is whether the PPD award to Betzner included a percentage for disfigurement. Given that the doctors' reports relied on by the commission allocate forty percent of the whole person (of a fifty percent award) to "disfigurement impairment," I would limit the determination of permanent partial disability to ten percent: the maximum disability in the record that is wholly attributable to medical impairment and therefore the maximum disability for which there is some evidence.

{¶ 13} Thus, for the reasons stated, I respectfully dissent.

COOK, J., concurs in the foregoing dissenting opinion.

─────────────────